MAY B. MANSELL *vs.*· ANNA C. HANDS, executrix.
SAME *vs.* ANNA C. HANDS.

Middlesex.     January 12, 1920. — March 5, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Landlord and Tenant,* Landlord's liability to tenant for defect.

At the time of the letting of an unfurnished house to a tenant at will there was
in it a hot air furnace with a hot water coil attachment which had been installed
for over twenty-one years and which was defective owing to a lack of an appli-
ance to provide for the relieving of excessive pressure in the coil. The tenant
examined the apparatus when he agreed to take the premises and it appeared to
be in good working order. Six months later, there was an explosion resulting in
an injury to the tenant, who brought an action of tort to recover therefor against
the landlord, at the trial of which there was no evidence that the landlord knew
of the defective condition or had knowledge of facts from which such a condi-
tion might have been inferred. A verdict was ordered for the defendant. *Held,*
that

(1) The rule of *caveat emptor* applied and there was no implied warranty by
the defendant that the premises were fit for use;

(2) Even if it be assumed that the defect was hidden and not ascertainable
by the plaintiff upon examination preceding the tenancy, the verdict was rightly
ordered, since there was no evidence of knowledge by the defendant of the con-
cealed defect or of facts which would put him upon notice.

Two ACTIONS OF TORT, the first against a husband and the second
against his wife, it being alleged in the declaration in each action
that the defendant was the owner of a house numbered 1879 on
Massachusetts Avenue in Cambridge in which the plaintiff was a
tenant, that, owing to a neglect of the defendant to provide valves
and other appliances for the relieving of excessive pressure in a
hot water coil in a hot air furnace, the coil burst and that the
plaintiff was injured. Writs dated, respectively, March 20 and
September 22, 1916.

Before a trial of the actions, the defendant in the first action
died and his wife, executrix of his will, was allowed to come in and
to defend the action.

The actions were tried together in the Superior Court before

*White,* J.   Material evidence is described in the opinion.   At the close of the plaintiff's evidence, on motion by the defendant, verdicts were ordered for the defendant; and the plaintiff alleged exceptions.

*P. A. Hendrick,* for the plaintiff.  ·

*A. A. Schaefer,* for the defendant.

BRALEY, J.   While it is clear that the testator never had been the lessor, but acted only in making repairs and in collection of rent as agent of his wife, who owned and let the premises, and the plaintiff fails to show any cause of action in the first action, no question as to the absence of common liability is raised, and we shall accordingly refer to Anna C. Hands as the defendant.   The plaintiff is a tenant at will, and the jury would have been warranted in finding that, at the date of rental, the heating apparatus consisted of a hot air furnace, inside of which was a hot water coil connecting with two radiators, one in the kitchen and one in the chamber above the dining room in the back part of the house, and that, six months after her occupancy began and nearly twenty-two years after the system was installed, the radiator in the chamber exploded causing personal injuries for which she seeks damages. It also could have been found on the evidence of the plaintiff's expert, that the system was defective because no expansion tank had been provided, nor any "release" nor "expansion" valve, which would have been the equivalent of a tank.   But, notwithstanding these omissions, it was his opinion, which the jury could have followed, that the supply pipe connecting the coil with the street water main would have been sufficient to take care of the expansion if a check valve had not been improperly placed in the pipe, the closing of which created an excessive pressure causing the explosion.   The exact location of the check valve however does not appear, nor is there any direct evidence whether it was necessary in operating the coil to open the valve for the admission of the required supply of water.

It is shown that, when the premises were let, the apparatus, which was looked over by the plaintiff appeared to be in good working order, and that, until the explosion, she took care of the furnace.   But the question of her due care or assumption of risk is immaterial on the present record.   "The rule of *caveat emptor* applies, and it is for the lessee to make the examination necessary

to determine whether the premises he hires are safe, and adapted to the purposes for which they are hired," and there is no implied warranty in the letting of an unfurnished house that it is reasonably safe for use. *Cowen* v. *Sunderland,* 145 Mass. 363. The plaintiff's only remedy is in tort, for reasons fully stated in *Stevens* v. *Pierce,* 151 Mass. 207, 209, where preceding cases are cited, and *Martin* v. *Richards,* 155 Mass. 281, where they are exhaustively reviewed. "If there is a concealed defect that renders the premises dangerous which the tenant cannot discover by the exercise of reasonable diligence, of which the landlord has or ought to have knowledge, it is the landlord's duty to disclose it, and he is liable for an injury which results from his concealment of it." *Booth* v. *Merriam,* 155 Mass. 521, 522. *Cutter* v. *Hamlen,* 147 Mass. 471, 475.

But, even if it is assumed that the jury would have been warranted in finding that when the plaintiff examined the premises the check valve was not plainly visible and could have been located only after investigation by a competent mechanician, she failed to offer any evidence which would justify a finding that the defendant knew, or had knowledge of any circumstances from which such a result could be inferred, that the hot water system had been so defectively installed that its use might cause an explosion of the radiators. If the defendant did not know of any concealed defect or conditions which might make the use of the premises dangerous, no liability has been shown, and the verdicts were ordered rightly. *O'Malley* v. *Twenty-five Associates,* 178 Mass. 555, 558.

The exceptions therefore in each case must be overruled.

*So ordered.*