JOHN MOGUS v. MARION INVESTMENT CORPORATION, a corporation.

10 So. (2nd) 439                                    Division B
November 10, 1942

W. E. Smith, for appellant.
Frank R. Greene, for appellee.

CHAPMAN, J.:

From a final judgment on demurrer entered for the defendant below by the Circuit Court of Marion County, Florida, an appeal has been perfected to this Court. The amended declaration, consisted of two counts and it is contended here that the amended declaration states a cause of action against the landlord. The landlord leased to a tenant the rooming house and the plaintiff, while a guest or roomer therein, sustained injuries because of a defective spigot handle to a wash basin.

The first count of the amended declaration alleges, in part, that Clarence Meffert, tenant of Marion Investment Corporation, on October 19, 1941, was operating a rooming house or apartment house and rented a room therein to the plaintiff to be used by him as a bedroom. There was a wash basin in the bedroom having a water faucet with a breakable china handle which was known to the defendant, or could have been known by the exercise of ordinary care, but was unknown to the plaintiff. The plaintiff undertook to turn the water into the basin by the use of the spigot handle and when using the spigot handle the same broke and severely cut the plaintiff's hands, and as a result he sustained enumerated injuries.

The second count contains allegations similar to the first count, with the further allegation that "the easily breakable china handle had become cracked or fractured at the time of the accident and that this condition was or should have been known to the defendant at the time."

Counsel for appellant (plaintiff below) cites Sections 511.01, 511.13, 511.30, 1941 Florida Statutes; 32 C.J. p. 562; 36 C.J. p. 225, Sec. 915; 28 Am. Juris. pp. 581, 620; 32 Am. Juris. pp. 533, 535; Parsons v. Dwight State Co., 301 Mass. 324, 17 N.E. (2nd) 197; 118 A.L.R. p. 1099. Annotation pp. 118 et seq.; Webel v. Yale University, 125 Conn. 515, 7 Atl. (2nd) 215, 123, A.L.R. 863, Annotation p. 870 *et seq.,* to sustain the sufficiency of each count of the amended declaration. We have carefully examined the cited authorities.

It is our conclusion, after an examination of the authorities that the case of Simms v. Kennedy, 74 Fla. 411, 76 So. 739, L.R.A. 1918C, is controlling and the allegations of amended declaration fail to meet the rule as enunciated therein. See Kimmons v. Crawford, 92 Fla. 652, 109 So. 585; 32 Am. Juris. pp. 526-534, par. 662-667; Tiffany on Landlord and Tenant, Vol. 1, pp. 659-697, par. 97-104; Underhill on Landlord and Tenant, Vol. 2, pp. 792-794, par. 480. We fail to find error in the record and accordingly the judgment appealed from is hereby affirmed.

Affirmed.

BROWN, C. J., TERRELL and THOMAS, JJ., concur.