**MARY T. BROOKS, joined by her husband, CLIFFIRD H. BROOKS, v. HUGH PETERS.**

25 So. (2nd) 205                    January Term, 1946
March 5, 1946                       Division A
Rehearing denied March 27, 1946.

142

*Charles M. Moon* and *Morton B. Adams,* for appellants.

*Hudson & Cason,* for appellee.

CHAPMAN, C. J.:

Mary T. Brooks, joined by her husband, Clifford H. Brooks, in the first count of her second amended declaration, alleged in part, that on June 30, 1944, and for several months prior thereto, the relation of tenant and landlord existed between them and the defendant, Hugh Peters; that they occupied Apartment No. 3 situated in the City of Miami at 7540 N.E. 2nd Street; that the defendant, Hugh Peters, prior to May, 1944, had supplied hot water to all of his tenants occupying his apartment building aforesaid; that the method of heating was by a bottled gas heater attached to a water tank installed in a cubby hole connected on the outside of the apartment building; the fuel for heating was bottled gas purchased on the Miami market. The defendant supplied his tenants with hot water until May, 1944, but was not supplying it on June 30, 1944, the date Mary T. Brooks was injured.

The plaintiffs, after May, 1944, with the consent and approval of Hugh Peters, the defendant, undertook to supply themselves and other tenants in the building with hot water by purchasing gas and using the equipment situated in the cubby hole. The plaintiff undertook and did operate the hot water heater, and on June 30, 1944 ignited the heater and sometime thereafter observed that the water was not hot and immediately went to the cubby hole and while standing

on the outside thereof, the gas exploded with terrific force and she received permanent injuries. The odor of gas could not be smelled when near the cubby hole, neither could the gas therefrom escape from the lack of ventilation.

It was alleged that the defendant owed the plaintiff, Mary T. Brooks, the duty (1) to furnish a safe place in which to heat the water; (2) to supply the place so provided with safe equipment for such heating; (3) to warn the plaintiff of defects in either the equipment or the cubby hole in which the equipment was housed; (4) that plaintiff was not warned as to defects; (5) the cubby hole was improperly constructed and not equipped with proper lights; (6) there was no opening between the boiler and hot water heater; (7) that the cubby hole was constructed contrary to the building code of the City of Miami; (a) was dangerous; (b) not safe for such purposes; (c) and defendant failed to give warnings as to these defects; (8) the defendant failed to exercise such care for the safety of others as required by law in the construction of the cubby hole and the operation of the equipment.

Other pertinent portions of Count One *supra* are viz: "that the said injury to the said plaintiff is a direct proximate result of the failure on the part of the defendant to have a proper inclosure for the gas water heater, in violation of the said building code, and that the injuries aforesaid of the said plaintiff are the direct and proximate result of the said negligence on the part of the defendant and the failure of the defendant to warn the said plaintiff of the aforesaid dangerous conditions, and that the plaintiff, Mary T. Brooks, as a direct and proximate result of the said negligence on the part of the defendant, has suffered great bodily injury and mental and physical pain and suffering and has been permanently disabled and injured to her damage in the sum of Thirty Thousand Dollars."

The second Count of the second amended declaration seeks damages suffered by Clifford H. Brooks, the husband of Mary T. Brooks, resulting from the injuries to the wife, consisting of expenditures by him made to a hospital, nurses, doctor's bills, mental suffering and loss of services and companionship of his wife. Bill of particulars for Counts One and Two

are attached to the second amended declaration. A final judgment on demurrer for defendant below was entered in the lower court and plaintiff appealed.

The grounds of the demurrer directed to each count of the second amended declaration are viz: (1) each count of the second amended declaration fails to state a cause of action; (2) each count thereof fails to charge actionable negligence; (3) that the defendant under the allegations of the second amended declaration did not owe Mary T. Brooks any duty; (4) Mary T. Brooks, under the allegations of both counts of the second amended declaration, was at the most a licensee in the use of the heater and cubby hole; (5) the injuries of Mary T. Brooks appear to be the result of her own negligence. The question for adjudication here is whether or not the second amended declaration states a cause of action.

The case of Moore v. Lanier, 52 Fla. 353, 42 So. 462, involved property losses incurred by the ignition and explosion of gas in a drug store. The tenant Lanier, owner of the stock of drugs, sued the landlord, Mrs. E. M. Venable. It was alleged that the defendant (landlord) well knowing that gas was highly explosive, did so negligently and carelessly fit, install and equip the service pipe in said store room that gas escaped therefrom into the storeroom and became ignited, thereby causing an explosion and losses to the tenant. The judgment for the tenant was here affirmed, but in the case at bar it is not alleged that the landlord had the control and supervision of the cubby hole and heating equipment on June 30, 1944, when the explosion occurred and Mary T. Brooks sustained enumerated injuries.

Appellants cite and rely on Simms v. Kennedy, 74 Fla. 411, 76 So. 739, L.R.A. 1918C 297; Butler v. Maney, 146 Fla. 33, 200 So. 226, and Mogus v. Marion Inv. Corp., 151 Fla. 744, 10 So. (2nd) 439. These cases have been reviewed in light of the contention made by counsel for appellants made at the bar of this Court and in their brief. It is not disputed that the supervision and control of both the cubby hole and the heating equipment, according to the allegations of the second amended declaration, passed from the defendant Peters dur-

ing May, 1944, to the plaintiffs and continued in them until the explosion and injury, which occurred on June 30, 1944.

It is established law that when a landlord delivers to the tenant possession and control of the demised premises, including the plumbing, drains, and appliances for heating, lighting, and power, the landlord is not liable for an injury to the property or person of the tenant or those on the premises in the right of the tenant, although such injuries are attributable to defects in such apparatus, appliances or fixtures. Thus a tenant may not hold a landlord liable for injuries caused by explosion of plumbing, or heating apparatus on premises, the possession and control of which have been surrendered to him in the absence of fraud or concealment. 32 Am. Jur. 624-5, par. 746.

The landlord's liability is based on his right of control over the appliances and he is not liable for injuries for defects in appliances located on the leased premises if he does not reserve control thereof, and accordingly it has been held that he is not liable for defects in water pipes in an apartment when the only purpose of such pipes is to supply and distribute water for the apartment . . . on the other hand, he is liable for defects in pipes on the leased premises if he retains control thereof. Tiffany on Landlord and Tenant, Vol. 1, pages 644-5, par. 92.

Where the landlord surrenders possession and control of the leased premises to the tenant, in the absence of fraud or concealment, the tenant assumes the risk as to the condition of the premises, including the heating, lighting apparatus, plumbing, water pipes, sewers, etc. In other words, the rule of *caveat emptor* applies, hence the landlord is not liable for any personal injuries or sickness of tenants, although attributable to the defects in the fixtures. See Mansell v. Hands, 235 Mass. 253, 126 N.E. 391, 13 A.L.R. 835, and annotations; Godbrecht v. Beckwith, 82 N.H. 415, 135 Atl. 20, 52 A.L.R. 858, and annotations.

Affirmed.

TERRELL, BUFORD and ADAMS, JJ., concur.