THOMAS, Justice.
The circuit judge sustained the defendant’s " attack on "the" complaint and gave-no permission to amend so- we ■ must decide whether a cause of- action was stated.
From the allegations it appears that the defendant operated an apartment hotel in which the plaintiff occupied rooms. One night, while she was in her own quarters, the' “lights’ * * - * went out and the plaintiff because of the• darkness tripped * * * fell and was * * * injured * * (Emphasis supplied.)
Amplifying the negligence suggested by the words we have italicized, the plaintiff charged that the wiring in the apartment was, insufficient to carry the current required to supply the many appliances that had been installed and that -as a result frequent blackouts had occurred. All this, said the plaintiff, the defendant knew.
We may assume from all the allegations that the appellant was fully acquainted with her surroundings, and certainly no . obstacle over which she fell was put in her way by the appellee. If she wandered in the dark it was her own fault. The- sole negligence charged was the failure of the landlord to provide for equipment that would have admitted sufficient electricity into the building tó prevent the darkness that resulted from an overloaded circuit.
We do not find the averments a basis fomrecovery. Thé opinion in Brooks v. Peters, 157 Fla. 141, 25 So.2d 205, detailed circumstances of injury much more favorable to the tenant’s claim, we think, than are present here yet the CQurt ruled against the plaintiff. A tenant was hurt when a hot water heater exploded. The Court decided that there was no liability on the part of the landlord and made the pronouncement that where the lessor surrenders to the lessee possession and control of the premises the tenant “assumes the risk as to the condition of the premises” except, of course, that there be no fraud or concealment on the part of the lessor. The rule of *815 caveat emptor, said the Court, applied in such circumstances.
Obviously the appellant was not injured from the mere failure of the lights, or, rather, from the failure of the appellee so td improve the system as to prevent the lights from going out because of the overload. Under the case just cited she accepted that situation anyway. She was injured because she moved about in the darkness. Even if we could discover in the averments a proper charge of negligence on the part of the landlord, we should feel that it was counterbalanced by the contributory negligence manifest from the complaint.
Affirmed.
ROBERTS, C. J.,. and HOBSON and DREW, JJ., concur.