HOBSON, Justice.
The amended complaint in this action was .dismissed for insufficiency, without leave further to amend. It alleges, inter alia, that appellants leased an apartment from the appellee corporation in an old building owned by the latter, that the building “had begun to deteriorate prior to the time the aforedescribed lease agreement was entered into”, and that nearly two years after the lease commenced, appellants were injured when plaster fell from the ceiling of their bedroom. It appears from the affirmative allegations of the amended complaint that the age and decreptitude of the building at the time the lea.se was entered should have caused the tenants to make a thorough' examination of the apartment in which ‘ they planned to live, and had they done so at that time or within the succeeding period of almost two years, they would have been in as good a. position as the landlord to discover the condition of. the plaster. As we said in Butler v. Maney, 146 Fla. 33, 200 So. 226, 229:
“If the tenant has the same opportunities -as the owner to discover a defect at the time of the leasing, then .the rule of caveat emptor applies and-the tenant - takes the property as he finds it.”
This principle controls the present case.
Affirmed.
ROBERTS, C. J., and THOMAS .and DREW, JJ., concur.