THOMAS, Justice.
It appears from the allegations of the amended complaint that appellant rented a house from the appellee and took possession. He found that a porch on the rear of the dwelling was rotten, informed the appellee of this condition and requested that it be corrected. In response appellee promised to put the porch in good repair and keep it so. The request and promise were repeated shortly afterward when the tenant paid rent for the second month and the appellant alleged that the consideration for the promise to repair was the payment in advance of this rental. Fifteen days later the appellant, carrying a shotgun, walked across the defective porch in “a careful and prudent manner” and fell through the floor, whereupon the gun discharged and blew off his hand. The damage, claimed the appellant, directly resulted from appellee’s “carelessness and negligence * * * in permitting [the] premises to remain in [an] unsafe condition * *
The judge sustained a motion to dismiss made on the grounds, among others, that it was plain on the face of the complaint that the appellant’s own negligence was the proximate cause of his injury, and that the defect in the porch floor was well known to appellant who discovered the condition and reported it to the appellee.
The appellant tells us that his pleading was drafted on the theory of the decision in *722 Hart v. Coleman, 201 Ala. 345, 78 So. 201, 203, L.R.A.1918E, 213, and also says that although the cause arises from a contractual relationship, the liasis of the action is the negligence of the landlord in his failure to repair.
We think our own decisions govern the disposition of this case despite the attempt of the appellant in his pleading to aver facts resembling those with which the Supreme Court of Alabama dealt. It was held in that case that when a tenant threatened to vacate unless repairs to a rickety floor were made and the landlord met the threat with a promise to repair, the promise was based on a sufficient consideration and the tenant could recover ex contractu for injuries received by falling through the floor. The Alabama court reasoned that the injuries sustained were considered by the parties as possible if the promise to repair was not kept. There are vital differences between the case called by that court “ ‘out of the ordinary’ ” and the case we are deciding. In the former the defective floor was the entrance to the front door; in the latter it was the floor of a back porch. The principal difference relates to the contemplation of the parties. It might be said that they anticipated that damage would result from lack of repair to a porch over which the tenant had to pass to enter his front door, but the landlord should not be charged with expecting a tenant to be injured by walking over a floor he knew was rotten while he carried a loaded shotgun. The only damage alleged to have been suffered was the loss of appellant’s hand and the suffering incident to that injury, all the result of the discharge of the gun.
We do not find in appellant’s complaint any averment of a threat to vacate, or of a consideration forming the basis for a contract. The defect about which appellant complains was not latent or concealed. On the contrary he discovered it and apprised the appellee of it. After his discovery and with knowledge that no repairs had been made, he used the porch at hi's' own risk. Butler v. Maney, 146 Fla. 33, 200 So. 226. To use it, and take a shotgun with him, was an invitation to disaster, and the deduction from his pleading that the appellant’s own negligence caused his injury is not neutralized by the bald allegation that he proceeded with care and prudence.
To state it otherwise, the appellant failed to allege any facts that would justify recovery on the extraordinary theory that he was injured by the negligence of the appel-lee in failing to keep a promise to repair, and, besides, it is plain to this court from the allegations of the complaint that the appellant’s own negligence was his undoing.
Affirmed.
DREW, C. J., and ROBERTS and O’CONNELL, JJ., concur.