104 So.2d 1 (1958)
Selma PROPPER and Irving PROPPER, her husband, Appellants,
v.
Philip KESNER, Jennie Kesner and Jean Catsman, Appellees.
Supreme Court of Florida.
June 20, 1958.
Rehearing Denied July 17, 1958.
*2 Richard E. Hodges, Miami, for appellants.
Harold B. Spaet, Miami Beach, for appellees.
HOBSON, Justice.
This is an appeal by plaintiffs from final judgment for defendants entered consequent upon the granting of defendants' motion for directed verdict at the close of the plaintiffs' case, it being the opinion of the trial court that the evidence was insufficient, as a matter of law, to support a verdict for the plaintiffs.
At the time of the incident upon which suit was brought, defendants owned and managed an apartment house wherein plaintiffs had leased an apartment. As part of the leased premises the defendants furnished appliances, including a gas stove in the kitchen. This suit was occasioned by the explosion of the gas stove, which injured the plaintiff Selma Propper.
From the evidence, the jury could have found that when the plaintiff-tenants leased the apartment they were told that if they had any trouble with the appliances they were not to attempt to repair them, or to provide for their repair, but were to report the matter to the defendant, Philip Kesner, manager of the apartments, and he would see that the matter was taken care of.
During the month before the explosion, Mrs. Propper had difficulty lighting the broiler on the gas stove and reported this difficulty to the apartment manager and owner. When she complained about the condition of the stove, the manager and Jennie Kesner (one of the owners) assured her that the stove was safe and that it normally operated in the manner plaintiff described. Relying upon these assurances, and believing it safe to use the stove, Mrs. Propper, on October 2, 1954, attempted to ignite the burner according to defendants' instructions. She was apparently successful in this attempt, but about two minutes after she closed the oven door the stove exploded, wrecking the apartment and injuring Mrs. Propper.
An expert in gas appliances testified, in response to a hypothetical question based upon facts in evidence, that the burner had been improperly adjusted and that neither the pilot nor the bypass was working.
While it is clear that a landlord may be liable to his tenant for negligently making agreed repairs, Harper & James on Torts, Vol. 2, p. 1514, the landlord's liability for nonperformance of a covenant to repair deserves some comment. Under earlier law, the rule was general that the landlord is not liable for an outright failure to repair, but there is now a pronounced trend toward the view that the landlord may be liable under such circumstances. See Annotation, Breach of Lessor's Agreement to Repair as Ground of Liability for Personal Injury to Tenant or one in Privity with Latter, 163 A.L.R. 300 et seq., and cases cited therein. The modern view has been adopted in the Restatement of Torts, § 357, and we do not hesitate to follow it. It would seem inconsistent to us to hold in this context that the landlord is liable for misfeasance but that he may escape liability by nonfeasance.
Another facet of the matter before us requires examination in the light of one of our previous decisions. In Brooks v. Peters, 157 Fla. 141, 25 So.2d 205, 207, a tenant had sued a landlord for personal injuries which occurred when a gas heater exploded. In that case there was no notice to the landlord of any possible defective condition of the heater, no covenant to repair, and no reservation by the landlord of *3 any control over the appliance. In affirming a judgment for the defendant we said in part:
"The landlord's liability is based on his right of control over the appliances and he is not liable for injuries from defects in appliances located on the * * * premises if he does not reserve control thereof * * *."
Under the above principle, an important question in the instant case is whether or not the landlord reserved such control over the defective gas stove as to authorize the jury to hold him liable. We think that he did.
Under the landlord's specific instructions, no action whatever could be taken by the tenant to alter the condition of the appliance. The tenant had a duty to report any defect or supposed defect to the landlord, and this duty the tenant fulfilled. Thereupon, the landlord instructed the tenant to light the appliance in a particular way, as she did. Under the evidence submitted by the plaintiffs, which we must accept at face value, no possible further control over this appliance could have been reserved by the landlord. The landlord's election, after proper notice, not to repair the appliance but, rather, to give instructions as to its use, which were complied with by the tenant to her injury, constituted evidence upon which the landlord could have been found liable.
The final point remaining for consideration is whether or not, under the record made thus far in the case, the tenant assumed the risk of injury from the stove. As appellants point out, assumption of risk requires an appreciation of the danger involved, Bartholf v. Baker, Fla., 71 So.2d 480. On this issue, as tending to show that Mrs. Propper might have appreciated the danger, the record shows only that she had had difficulty with the stove and that she understood that gas is dangerous and may explode. On the other side of the question, the record shows that Mrs. Propper had used the oven-broiler unit on the stove only two or three times before the explosion, that the landlords had had considerable experience in operating the same stove, and the jury could have found that Mrs. Propper reasonably believed the landlords' assurances of safety to be based upon superior knowledge. We think that this issue should have been resolved by the jury.
Reversed and remanded for further proceedings not inconsistent herewith.
TERRELL, C.J., and ROBERTS, DREW and O'CONNELL, JJ., concur.