107 So.2d 166 (1958)
Margaret R. WILEY and James Wiley, her husband, Appellants,
v.
William T. DOW and L. Beverly Nalle, Inc., a corporation, Appellees.
No. A-163.
District Court of Appeal of Florida. First District.
November 18, 1958.
Rehearing Denied December 12, 1958.
*167 William D. Barfield, Jacksonville, for appellant.
Patterson, Freeman, Richardson & Watson, Jacksonville, for appellee I. Beverly Nalle, Inc.
J. Turner Butler, Jacksonville, for appellee William T. Dow.
CARROLL, DONALD K., Judge.
This is an appeal from a final judgment of the Circuit Court for Duval County dismissing the appellants' amended complaint.
In the first count of their amended complaint the appellants, plaintiffs below, husband and wife, alleged that the defendant Dow was the owner of certain real property leased by the plaintiffs and that the defendant company was the agent of Dow in the management and rental of such property and was at all times mentioned in sole and complete control and management of the premises; that the plaintiffs were the tenants on a month to month basis.
The plaintiffs further alleged that the premises consisting of a house with front and rear steps which were the only means of egress and ingress to the premises available to the plaintiffs; that during August of 1955 the plaintiffs discovered that one step in the front steps was rotten and had a hole in it, and that it was probable that the steps, both front and rear, were in need of repairs and probably unsafe for use; that on or about August 15, 1955, the daughter of the plaintiffs went to the office of the defendant company and informed the proper employee of that defendant that the front and rear steps of the premises were rotten and probably unsafe for use; that this employee informed the daughter that the company would "fix" the steps; that on one or two occasions between August 15 and November 15, 1955, the plaintiff wife and her daughter again requested the proper employee of the company to "fix" the front and rear steps, which employee promised to have the steps fixed; that on November 15th, when the daughter went to the office of the company for the purpose of paying the November rent, she informed the proper employee of the company that her father, the plaintiff husband, had instructed her to inform the company that the plaintiffs would withhold one half of the November rent to repair *168 the steps, and this employee informed the daughter that the company would fix the steps and that the plaintiffs were to pay the full amount of rent; that the daughter, acting as the agent of the plaintiffs, and said employee thereupon agreed that the company would repair the steps immediately and the plaintiffs would withhold one-half of the November rent until the steps were repaired in accordance with the agreement; that the plaintiffs, in reliance upon this promise of the company, remained as tenants of the defendants and did not exercise their right to the termination of their status as tenants of the premises by giving notice in accordance with the law of the termination of tenancies; that on December 15, 1955, the plaintiffs paid the full amount of the December rent due, although nothing had been done about the steps by the company; that it was contemplated by the parties, or reasonably should have been contemplated, after the agreement of August 15th that the defendants would repair the steps or one or both of the plaintiffs would be injured as a result of the failure to carry out the agreement to repair.
Finally, the plaintiffs alleged that on December 22, 1955, at about 8:00 or 9:00 P.M., the defendants not having yet repaired the steps, the plaintiff wife started to walk down the front steps of the premises and carefully stepped over the one step that she knew was rotten and had a hole in it; that when she stepped over said step and put her weight on the next lower step, the latter steps gave way with her and she fell, badly spraining her right ankle and lacerating her right hand; that the plaintiff wife used all due care and diligence possible under the circumstances in using the steps, which were the only available means of egress and ingress, in conjunction with the rear steps, which a subsequent examination revealed to be rotten and unsafe for use; that as a result of the failure of the defendants to perform their agreement to repair the steps, the plaintiff wife sustained various personal injuries, etc.
In the second count of the amended complaint the plaintiff husband re-alleged the allegations of the first count and further alleged that, as a result of the fall suffered by his wife due to the defendants' failure to perform their agreement to repair the steps, he had incurred and would incur medical expenses for the treatment of his wife and had been and would permanently be deprived of the services and consortium of his wife, etc.
The defendants moved to dismiss the amended complaint on the grounds that that complaint failed to state a cause of action and to state a claim upon which relief could be granted, and that it affirmatively appeared that the negligence of the plaintiff wife was a proximate cause of the injuries complained of.
In its final judgment the circuit court granted the motions to dismiss and, the plaintiffs having announced that they did not desire to further amend their complaint, ordered that the cause be dismissed and that the defendants go hence without day, etc.
Since the judgment appealed from granted the motions to dismiss the amended complaint, the principal question before us is a question of pleading  whether the amended complaint stated a cause of action against the defendants; whether, in other words, if the allegations of the amended complaint were proved, the defendants would be liable to the plaintiffs for damages. See Connolly v. Sebeco, Inc., Fla., 89 So.2d 482, and Stone v. Stone, Fla.App. 1957, 97 So.2d 352.
In the first place, it seems appropriate to advert to the general rule, which seems established in Florida and elsewhere, that in the absence of a contract to the contrary and in the absence of fraud or concealment, a landlord, when he delivers to the tenant possession and control of the demised premises, is not liable for injury to the property or person of the tenant. See Felshin v. Sir, 149 Fla. 218, 5 So.2d 600, and Brooks v. Peters, 157 Fla. 141, 25 So.2d 205.
*169 The general rule is thus stated in 32 Am. Jur., Landlord and Tenant, Section 657:
"In the absence of an agreement to the contrary, the landlord is not obligated to make repairs upon the demised premises during the term either to put the premises in repair or to keep them in such condition. The landlord is not bound to repair defects in the demised premises existing at the time he leased the same or occurring thereafter from any cause other than the act of the landlord. This rule applies even where they become defective through decay or use. It is well settled that he is under no obligation to rebuild or restore premises destroyed without his fault if he has not covenanted to do so. A landlord is not, in the absence of express covenant or agreement, bound to make repairs on the leased property, or maintain it in a safe and suitable condition for the use and occupancy of the tenant. In the absence of warranty, fraud, or mis-representation, a lessee takes the demised premises without any obligation on the lessor to keep them in condition for use."
The principal question before us then becomes this  is there "an agreement to the contrary" sufficiently alleged in the amended complaint in the instant case?
An examination of the amended complaint reveals allegations that the "proper employee" of the defendant company, which was the agent of the defendant Dow, the owner of the premises, promised that the company would repair the steps, when the daughter of the plaintiffs, as their agent, informed such employee that the plaintiffs would withhold one-half of the November rent to repair the steps, the employee telling the daughter that the company would fix the steps and that the plaintiffs were to pay the full amount of the rent; that the defendant company's agent and the plaintiffs' daughter, acting as the plaintiffs' agent, thereupon agreed that the company would repair the steps immediately and that the plaintiffs would withhold one-half of the November rent until the steps were repaired in accordance with the agreement.
It seems to us that these allegations of the amended complaint sufficiently allege a contract that would place upon the defendants the duty immediately to repair the front and rear steps of the premises.
The appellees contend in this appeal that there cannot be a valid contract because of the absence of consideration to support the agreement. Appellants' argument for a sufficient consideration is based largely upon the theory of recovery recognized in Hart v. Coleman, 201 Ala. 345, 78 So. 201, L.R.A. 1918E, 213. In this Alabama case the tenant, in return for the promise of his landlord to repair, gave up his right to terminate his tenancy, and the court held that this constituted the consideration for the landlord's promise to repair, and that it was contemplated by the parties that injuries would result to the plaintiff, for which the landlord would be responsible, if the landlord failed to perform his promise to repair. In Baxter v. DeLoach, Fla., 84 So.2d 721, 722, the Florida Supreme Court thus described the holding of the Alabama Supreme Court in the Hart case:
"It was held in that case that when a tenant threatened to vacate unless repairs to a rickety floor were made and the landlord met the threat with a promise to repair, the promise was based on a sufficient consideration and the tenant could recover ex contractu for injuries received by falling through the floor. The Alabama court reasoned that the injuries sustained were considered by the parties as possible if the promise to repair was not kept."
In the Baxter case, however, the Florida Supreme Court pointed out several distinctions between the facts in that case and those in the Hart case, but did not *170 seem to approve or disapprove the Alabama doctrine.
Our review of the case law indicates to us a growing trend in recent years toward holding the landlord liable for the injuries resulting to his tenant for a failure of the landlord to keep his promise to repair the demised premises, particularly when the landlord has been given ample notice of the need for repairs and has made a promise to repair in exchange for the tenant's promise not to withhold rent or not to vacate the premises or similar promises.
A recent decision of the Florida Supreme Court reflecting this general trend is Propper v. Kesner, 104 So.2d 1, 2. In this case the defendants owned and managed an apartment house in which the plaintiffs had leased an apartment. As part of the leased premises the defendants furnished appliances, including a gas stove in the kitchen. The plaintiff wife was injured when the gas stove exploded. There was evidence that, when the plaintiffs leased the apartment, they were told that, if they had any trouble with the appliances, they were not to attempt to repair them or to provide for their repair but were to report the matter to the defendant manager of the apartments, and he would see that the matter was taken care of. In its opinion the Florida Supreme Court said:
"While it is clear that a landlord may be liable to his tenant for negligently making agreed repairs, Harper & James on Torts, Vol. 2, p. 1514, the landlord's liability for nonperformance of a covenant to repair deserves some comment. Under earlier law, the rule was general that the landlord is not liable for an outright failure to repair, but there is now a pronounced trend toward the view that the landlord may be liable under such circumstances. See Annotation, Breach of Lessor's Agreement to Repair as Ground of Liability for Personal Injury to Tenant or one in Privity with Latter, 163 A.L.R. 300 et seq., and cases cited therein. The modern view has been adopted in the Restatement of Torts, § 357, and we do not hesitate to follow it. It would seem inconsistent to us to hold in this context that the landlord is liable for misfeasance but that he may escape liability for nonfeasance."
Section 357 of the Restatement of the Law of Torts  Negligence, which was approved by the Supreme Court in the above quotation, reads as follows:
"A lessor of land is subject to liability for bodily harm caused to his lessee and others upon the land with the consent of the lessee or his sublessee by a condition of disrepair existing before or arising after the lessee has taken possession, if
"(a) the lessor, as such, has agreed by a covenant in the lease or otherwise, to keep the land in repair, and
"(b) the disrepair creates an unreasonable risk to persons upon the land which the performance of the lessor's agreement would have prevented."
The only troublesome question here is whether, under the allegations of the amended complaint, there is a sufficient consideration to support the promise of the defendants to repair the steps. We think there is. It was inherent in the agreement that the plaintiffs should remain on and pay the monthly rental as tenants, though they had a legal right to terminate this month-to-month tenancy upon a fifteen days' notice prior to the end of any monthly period (see Section 83.03, Florida Statutes, F.S.A.), and they could have given the notice and terminated the lease prior to the accident. Certainly the plaintiffs withholding their right to terminate the lease was a benefit to the defendants. In addition, the amended complaint specifically alleges that the plaintiffs "in reliance upon the promises of the aforesaid defendant, I. Beverly Nalle, Inc., remained as tenants of the defendant William T. *171 Dow, and his agent, I. Beverly Nalle, Inc., and did not exercise their right of termination of status as tenants of the aforesaid premises by giving notice in accordance with the law of the termination of tenants."
It is our conclusion that the allegations of the amended complaint in the instant case sufficiently state a cause of action against the defendants-appellees, and that the judgment of the circuit court should be and it is reversed with directions for further proceeding in the cause below not inconsistent with this opinion.
Reversed.
STURGIS, C.J., and WIGGINTON, J., concur.