ALLEN, Judge.
This is an appeal from a final judgment in a tort case in which the court dismissed the plaintiffs’ second amended complaint and entered judgment for defendants.
The plaintiffs sued the defendants for injuries suffered by plaintiff wife, and consequent loss of consortium to plaintiff husband, which resulted when plaintiff wife slipped and fell in the kitchen of premises owned by defendants and leased by plaintiffs.
The appellees, in their brief, state the question as follows:
“Whether or not a landlord is liable for injuries to the wife of a tenant, who resided with her husband, allegedly caused by a defect in the premises which the landlord had agreed to repair, the leased premises being in the exclusive possession of the tenant.”
At the time of the hearing before the lower court judge, the decisions of the Supreme Court of this State apparently absolved the landlord from all tort liability except in a situation where the tenant or his guest is injured by a latent defect in the rented premises which was known to the landlord and unknown to the tenant. See Brooks v. Peters, 1946, 157 Fla. 141, 25 So.2d 205; and Cavezzi v. Cooper, Fla. 1950, 47 So.2d 860.
The theory of the plaintiffs in the instant case was that the landlord had been advised of the dangerous condition of the linoleum on the floor of the kitchen and had agreed to make the specific repair on the rented premises.
There is wide conflict of opinion among the courts of last resort, as will be seen in the annotation appearing in 163 A.L. R., page 300, et seq. The lower court was familiar with the two views held outside of this State, and in the absence of authorities in Florida, adopted the view which the appellees, in their brief, refer to as the “majority view.”
The order of the trial court on the defendants’ motion to dismiss the second amended complaint read, in part, as follows :
“The court has examined 163 A.L.R. page 315, and is impressed with the authorities holding that a contract to repair imports knowledge to the owner that repairs are needed and, therefore, holds the owner liable. In jurisdictions so holding it is on the theory of a tort arising out of contract. The Court is of the opinion that such is not holding in this jurisdiction.”
Subsequent to the date of the final judgment in this case, the Florida Supreme Court, in the case of Propper v. Kesner, Fla.1958, 104 So.2d 1, 2, said:
“While it is clear that a landlord may be liable to his tenant for negligently making agreed repairs, Harper & James on Torts, Vol. 2, p. 1514, the landlord’s liability for nonperformance of a covenant to repair deserves some comment. Under earlier law, the rule was general that the landlord is not liable for an outright failure to repair, but there is now a pronounced trend toward the view that the landlord may be liable under such circumstances. See Annotation, Breach of Lessor’s Agreement to Repair as Ground of Liability for Per *756 sonal Injury to Tenant or one in Privity with Latter, 163 A.L.R. 300 et seq., and cases cited therein. The modern view has been adopted in the Restatement of Torts, § 357, and we do not hesitate to follow it. It would seem inconsistent to us to hold in this context that the landlord is liable for misfeasance but that he may escape liability by nonfeasance.”
We are of the opinion that the second amended complaint stated a cause of action under the authority of Propper v. Kesner, supra.
We do not deem it necessary to discuss other features of this case as it is necessary that we reverse the lower court and remand the cause for further proceedings not inconsistent with this opinion.
KANNER, C. J., and SHANNON, J., concur.