McCORD, Associate Judge.
Stanley Zubowicz, plaintiff below, appeals from a judgment entered on a verdict directed for defendants, W. L. War-nock and Mary G. Warnock, his wife, at the close of plaintiff’s case in a negligence action for personal injuries.
Viewing the evidence in its most favorable light to appellant, we feel that a fair statement of the relevant facts is as follows.
Appellant was injured in an accident which occurred on February 19, 19S8, while operating a launderette at St. Petersburg Beach. At the time, he held the premises, consisting of a laundry building and a yard on its north side, under lease from appel-lees, non-resident owners thereof. Frank Dailey of Beach Realty Corporation, ap-pellees’ agent, managed the premises.
On the day of his injury, appellant went into the yard to turn on the gas, as he had done many times before. Upon returning, at the door of the building he stepped upon á concrete slab or apron which cracked, gave way, and caused him to be thrown forward into an open hole about five feet long, five feet wide and four feet deep. The hole was about two feet away from the spot where the concrete collapsed, *891 and was separated from the slab by a concrete wall or sill approximately six inches high. Appellant had never noticed anything wrong with the concrete slab before the accident, but after the accident it was observed that it was a “hollow shell over a hole below.” Although he previously knew nothing of the defective slab or the hole under it, he did know of the open hole into which he fell and had previously requested Dailey to fill it. Dailey had seen the latter hole, measured it, and agreed to fill it, but apparently no one knew of the hole under the slab.
Dailey had arranged for the installation of a sewer line from the building to the street in 1957 or 1958 prior to the accident. The sewer line required an excavation from the building to the main sewer line. This ■sewer line, which was refilled as soon as ■completed, ran along the north side of the building but it is not clear just how it ran in relation to the point of the accident.
Appellant’s theory is that the sewer line was negligently installed, causing settling and erosion which undermined areas of the side yard, including the hole under the concrete slab which broke. This, however, is pure speculation and conjecture. There is no evidence to such effect, nor is there evidence from which a reasonable inference to that effect can be drawn. No causal connection is shown between installation of the sewer line and the breaking of the concrete slab which resulted in this accident.
It is clear that appellant well knew of the open hole into which he fell. Any negligence of appellees in not filling that hole was not the proximate cause of appellant’s injury, the proximate cause having been the breaking of the concrete slab on which he stepped. The defect in the slab or its support was a latent defect which may or may not have existed from the inception of the lease. In either event, however, appellant, being the occupant of the premises, was in as good or better position to know of such defect than were ap-pellees or their agent. Under the evidence adduced in the court below, the rule of caveat emptor applies and there can be no recovery. See Butler v. Maney, 146 Fla. 33, 200 So. 226; Brooks v. Peters, 157 Fla. 141, 25 So.2d 205; Sampson v. Stanley Corporation, Fla., 75 So.2d 186.
Having determined that appellant’s evidence was insufficient for a verdict in his favor, it is unnecessary that we consider the additional ground stated by the court below for its action.
Affirmed.
KANNER, A. C. J., and WHITE, J., concur.