309 So.2d 192 (1975)
Thomas V. McDonald and Eunlce R. McDonald, Appellants,
v.
J.D. WINGARD, Appellee.
No. V-136.
District Court of Appeal of Florida, First District.
March 14, 1975.
Leo A. Thomas, of Levin, Warfield, Graff, Mabie & Rosenbloum, Pensacola, for appellants.
Robert P. Gaines, of Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for appellee.
BOYER, Judge.
This appeal emanates from a final summary judgment in favor of the defendant in a "slip and fall" case.
*193 The "statement of facts" contained in appellee's brief states that J.D. Wingard (appellee) purchased a residence in Crestview, Florida, to which he had repairs made by one Churchwell. The repairs included painting of a concrete front porch with a paint especially designed to be used on poured concrete surfaces. Subsequent to the repairs, the dwelling was rented to Mattie Davis (tenant). Thomas V. McDonald (one of the appellants) was a door-to-door salesman who had called on Mattie Davis at the subject premises on many previous occasions. On the day of his injury, it was raining and he could see that the concrete front porch was wet. As he walked across it, his foot slipped and he was injured. Based upon the depositions of Mr. Wingard, Mr. Churchwell and Mr. McDonald the trial court found that there was no genuine issue as to any material fact in regard to the liability of the landlord to the tenant's invitee, and summary judgment was thereupon entered.
In appellants' reply brief it is stated that "we agree with the case and facts as stated by appellee", therefore it appears that the facts are not in dispute. However, elsewhere in the record we find that the landlord (Wingard) concedes that during the period of rental to the tenant the landlord was responsible for repairs to the subject premises. Further, it appears that the tenant had advised her landlord that the porch was very slippery when wet during rainy weather.
The first issue to be resolved by us is whether the landlord by virtue of his rental of the entire premises to the tenant thereby absolved himself from any liability to persons who might thereafter be injured on the premises as a result of defects thereat. (The record reveals an affidavit, the allegations of which are sufficient to raise a factual issue as to whether the premises were in fact defective. It was therefore necessary, of course, in passing on the motion for summary judgment to assume, for the purpose of that motion, that the premises were so defective.)
In Simms v. Kennedy, Sup.Ct.Fla. 1917, 74 Fla. 411, 76 So. 739, the Supreme Court of Florida, considering an appeal in a personal injury action arising out of injuries sustained by a pedestrian on a public side-walk who was injured by the falling of a part of an awning overhanging the side-walk but attached to an abutting building, held that a tenant or occupant of premises having the entire control thereof is, so far as third persons are concerned, the owner and that prima facie where the tenant is in entire possession, occupancy and control of the premises and the premises were in good condition at the commencement of the landlord-tenant relationship the landlord is not liable in damages for injuries to third persons caused by defects in the premises. The Court further stated however, that a landlord may be liable to third persons for injuries caused by defects in demised premises during the term of the demise, when the defect or condition of the premises at the commencement of the relationship was a violation of law, or was in the nature of a nuisance existing or incipient because of negligent construction or otherwise, or when the landlord has entire or partial control of the premises, or is required by law or undertakes to keep or assist in keeping the premises in repair, or where the landlord's negligence or participation is a proximate cause of the injury.
In Brooks v. Peters, 1946, 157 Fla. 141, 25 So.2d 205, an oft cited case, a tenant was injured by an explosion of gas which was used to heat water in an apartment building in which was located the apartment rented by the tenant from the landlord. There the Supreme Court, citing Simms v. Kennedy, supra (and other cases) recited "It is not disputed that the supervision and control of both the cubbyhole and the heating equipment * * * passed from the defendant Peters * * * to the plaintiffs and continued in them until the explosion and injury * * * ". Basing its *194 affirmance of a final judgment on demurrer for the defendant squarely upon control by the tenant the Court said:
"It is established law that when a landlord delivers to the tenant possession and control of the demised premises, including the plumbing, drains, and appliances for heating, lighting, and power, the landlord is not liable for an injury to the property or person of the tenant or those on the premises in the right of the tenant, although such injuries are attributable to defects in such apparatus, appliances or fixtures. Thus a tenant may not hold a landlord liable for injuries caused by explosion of plumbing, or heating apparatus on premises, the possession and control of which have been surrendered to him in the absence of fraud or concealment. 32 Am.Jur. 624, 625, § 746.
"The landlord's liability is based on his right of control over the appliances and he is not liable for injuries from defects in appliances located on the leased premises if he does not reserve control thereof, and accordingly it has been held that he is not liable for defects in water pipes in an apartment when the only purpose of such pipes is to supply and distribute water for the apartment. On the other hand, he is liable for defects in pipes on the leased premises if he retains control thereof. Tiffany on Landlord and Tenant, Vol. 1, pages 644, 645, par. 92.
"Where the landlord surrenders possession and control of the leased premises to the tenant, in the absence of fraud or concealment, the tenant assumes the risk as to the condition of the premises, including the heating, lighting apparatus, plumbing, water pipes, sewers, etc. In other words, the rule of caveat emptor applies, hence the landlord is not liable for any personal injuries or sickness of tenants, although attributable to the defects in the fixtures. See Mansell v. Hands, 235 Mass. 253, 126 N.E. 391, 13 A.L.R. 835, and annotations; Gobrecht v. Beckwith, 82 N.H. 415, 135 A. 20, 52 A.L.R. 858, and annotations." (25 So.2d at pages 206 and 207)
Control, therefore, appears to be an all important factor. (See Nussbaum v. Sovereign Hotel Corp., Sup.Ct.Fla. 1954, 72 So.2d 814)
In Propper v. Kesner, Sup.Ct.Fla. 1958, 104 So.2d 1, our Supreme Court distinguished, but did not recede from, Brooks v. Peters, supra, observing that "in that case there was no notice to the landlord of any possible defective condition of the heater, no covenant to repair, and no reservation by the landlord of any control over the appliance." In Propper v. Kesner, the Supreme Court reversed a judgment entered on a directed verdict for the landlord reciting that there the landlord had specifically instructed a tenant not to make repairs and the injury to the tenant occurred after the tenant had reported the defective condition to the landlord and the landlord had specifically directed the tenant to take the action which she did.
This Court, in Wiley v. Dow, Fla.App. 1st 1958, 107 So.2d 166, citing Brooks v. Peters, supra, and other authorities, acknowledged the general principles of law hereinabove noted, but reversed the judgment dismissing a complaint filed by an injured tenant against a landlord, finding that the allegations of the complaint sufficiently alleged an agreement that the landlord would make necessary repairs on the demised premises. (See also Wallace v. Schrier, Fla.App.2d 1958, 107 So.2d 754, where our sister court of the Second District held a landlord liable for injuries to the wife of a tenant, who resided with her husband in the demised premises, for injuries sustained as a result of a defect in the premises which the landlord had agreed to repair although the leased premises were in the exclusive possession of the tenant.)
We have carefully read the numerous other cases cited by the parties, including Zubowicz v. Warnock, Fla.App.2nd 1963, 149 So.2d 890, Diaz v. Hudson, Fla.App. *195 1st 1966, 191 So.2d 277 and Perlman v. Kraemer, Fla.App.3rd 1958, 104 So.2d 609, but we do not find those cases helpful in resolving the issue here under consideration.
In the case sub judice the agreed facts support the conclusion that although possession of the entire premises passed from the landlord to the tenant, the landlord retained control of the premises insofar as repairs were required and the landlord had actual notice from the tenant of the alleged dangerous condition of the porch when wet, therefore the landlord was not, by virtue of the tenancy ipso facto absolved from responsibility and liability. Whether or not the porch was in fact dangerous and in need of repair by the application of some substance or material over the paint or on the floor are issues of fact which could not be resolved in the case sub judice on summary judgment.
Having determined that the landlord, by retention of control as to repairs was not absolved per se from liability by virtue of delivery of possession of the subject premises to the tenant, we must now determine whether, under the facts appearing sub judice, the landlord (appellee) could be legally held liable to appellant, who was not appellee's tenant, but rather a third person on the premises.
In Wallace v. Schrier, supra, as above noted, the injured party was the wife of the tenant, not the tenant himself. There the Court held that the landlord could be held liable, under the facts there recited, for the wife's injuries.
In Wiley v. Dow, supra, although the plaintiffs were the tenants themselves this Court cited with approval Section 357 of the Restatement of the Law of Torts, Negligence, as having been approved by the Supreme Court of Florida in Propper v. Kesner, supra, as follows:
"`A lessor of land is subject to liability for bodily harm caused to his lessee and others upon the land with the consent of the lessee or his sub-lessee by a condition of disrepair existing before or arising after the lessee has taken possession, if
(a) the lessor, as such, has agreed by a covenant in the lease or otherwise, to keep the land in repair, and
(b) the disrepair creates an unreasonable risk to persons upon the land which the performance of the lessor's agreement would have prevented.'" (107 So.2d at page 170)
While the verbiage of the restatement as above quoted is simple enough, its application is complex. Our Supreme Court has explicitly rejected the contention that determination of liability in such cases may simply be rested upon whether the landowner's actions were reasonable in light of all of the factual circumstances in the case. (Wood v. Camp, Sup.Ct.Fla. 1973, 284 So.2d 691) It is therefore necessary to determine, as a condition precedent to imposition of liability of a landowner, the relationship between the landowner and the injured party. The Florida Supreme Court has carefully and consistently (though not so clearly) recognized a distinction between trespassers, licensees and invitees and the corresponding duty of care owed to each. (See Post v. Lunney, Sup.Ct.Fla. 1972, 261 So.2d 146 and Wood v. Camp, supra)
In the last cited case the writer of the opinion said:
"We resolve our dilemma in a troublesome area by concluding, and we so hold, that the class of invitees now under the present definition in Lunney as entitled to reasonable care is expanded to include those who are `licensees by invitation' of the property owner, either by express or reasonably implied invitation. We thereby eliminate the distinction between commercial (business or public) visitors and social guests upon the premises, applying to both the single standard of reasonable care under the circumstances. In doing so, we continue the category of licensees who are uninvited, that is, persons *196 who choose to come upon the premises solely for their own convenience without invitation either expressed or reasonably implied under the circumstances. We realize this very limited category seems to overlap with the trespasser but there can be narrow distinctions and we justify this narrow class of `uninvited licensee' on such basis. Also retained is the separate category and present limited duty toward trespassers. The requirement continues of reasonable care toward all business or public invitees as at present in accordance with Lunney.

"The presence upon the premises, reasonably to be expected by the owner, his family, agents or servants, of the person who is injured; the person's purpose for being upon the premises; and the location where he was at the time of the injury, are factors to be weighed together with all other evidence bearing on the duty allegedly owed and bearing on what constitutes `reasonable care in the circumstances.'" (284 So.2d at page 695)
Appellee relies heavily upon the opinion of this Court in Hauben v. Melton, Fla. App. 1st 1972, 267 So.2d 16. However that case is not controlling for two reasons. First, there the defect was not known prior to the accident. Second, the distinction between a licensee and invitee there recognized has been since modified in Wood v. Camp, supra. In the latter case the Supreme Court said "We expressly recede from our prior pronouncements contrary to the views herein set forth", there citing Hauben v. Melton, supra, and other cases. It appears therefore that insofar as we applied the law applicable to licensees as it existed at the time we decided Hauben v. Melton, our opinion there has been expressly superseded by the holding of the Supreme Court in Wood v. Camp, supra.
In view of the agreed fact that appellant, a door-to-door salesman, was a frequent visitor on the premises "reasonably to be expected by the owner" and tenant, not present solely for his own convenience and not without invitation, either expressed or implied, it appears that under the holding of Wood v. Camp, supra, the appellant enjoyed such relationship with appellee's tenant as to invoke the rule of "reasonable care in the circumstances".
Where, as here, the injured party bore such a relationship to the tenant as to require "reasonable care in the circumstances" that responsibility also rests upon the landlord, who retained partial control, was responsible for repairs, and was on actual notice of the alleged defective condition which allegedly proximately caused the accident and resulting injuries.
Accordingly, the final summary judgment appealed is reversed and this case is remanded for further proceedings consistent herewith.
We here only hold that application of the principles here announced requires reversal of the summary final judgment and necessitates further proceedings consistent herewith. We do not here hold that as a matter of law the plaintiff below, appellant here, is entitled to recovery. The defense of assumption of risk has been explicitly recognized in this type of case by our Supreme Court (Brooks v. Peters, supra; Nussbaum v. Sovereign Hotel Corp., supra, and Propper v. Kesner, supra) and under the law as it then existed contributory negligence was also recognized as an appropriate defense. (Nussbaum v. Sovereign Hotel Corp., supra) In Propper v. Kesner the Supreme Court held that issues relative to assumption of risk should have been submitted to the jury for resolution. In Hoffman v. Jones, Sup.Ct.Fla. 1973, 280 So.2d 431, by which comparative negligence was established as the proper principle to be applied in negligence cases, superseding and expressly "repealing" the contributory negligence doctrine as a defense, the Court expressly refused to pass upon the propriety of assumption of risk as a defense, thereby leaving that defense intact until further consideration. It is apparent *197 therefore that upon remand further proceedings in the case sub judice should be in accordance with the holdings of Hoffman v. Jones, supra.
McCORD, J., specially concurs.
RAWLS, C.J., dissents.
RAWLS, Chief Judge (dissenting).
See Brooks v. Peters, 157 Fla. 141, 25 So.2d 205 (1946); and Diaz v. Hudson, 191 So.2d 277 (1 Fla.App. 1966).
McCORD, Judge, (specially concurring).
The distinguishing feature between the case sub judice and Brooks v. Peters, 157 Fla. 141, 25 So.2d 205; and Diaz v. Hudson, Fla.App. (1st), 191 So.2d 277, is that here there is evidence that appellants (the landlords) had assumed the obligation of making repairs during the tenancy and had been warned by the tenant of the alleged dangerous condition of the porch floor. If such evidence is true, the landlord could not be said to have surrendered control of the porch floor to the tenant. The opinion in Brooks does not indicate that such was the case there and the ruling in Diaz was without opinion.