348 So.2d 573 (1977)
J.D. WINGARD and Aetna Casualty & Surety Co., Appellants,
v.
Thomas V. McDONALD and Eunice R. McDonald, Appellees.
No. CC-16.
District Court of Appeal of Florida, First District.
June 24, 1977.
Rehearing Denied August 22, 1977.
Robert P. Gaines of Beggs & Lane, Pensacola, for appellants.
Robert J. Mayes of Levin, Warfield, Middlebrooks, Graff, Mabie, Rosenbloum & Magie, Pensacola, for appellees.
McCORD, Judge.
This case was previously before this court on appeal from a summary judgment entered in favor of J.D. Wingard, appellant on this present appeal. See McDonald v. *574 Wingard, 309 So.2d 192 (Fla. 1 DCA 1975). There we reversed the summary judgment and remanded the cause for further proceedings. An amended complaint was filed joining Mrs. Mattie Davis and Aetna Casualty & Surety Company (Wingard's insurer) as additional parties defendant. The case was then tried and resulted in a jury verdict in favor of appellees, Thomas V. McDonald and Eunice R. McDonald and against all defendants. Appellants Wingard and Aetna appeal the final judgment against them. At the close of the evidence in the trial below, appellants moved for a directed verdict, and the motion was denied. Such was error as the evidence does not support a verdict against appellants. We therefore reverse.
Appellee was injured when he slipped and fell on the painted concrete front porch of Mrs. Davis, she being in sole possession of the premises under a verbal lease from appellant Wingard, the owner. McDonald was a salesman who called upon customers in their homes and Mrs. Davis was one of his customers. On the day of appellee's injury it was raining and when he stepped on the porch he took several steps to the door, knocked, stepped back, and slipped and fell. The porch was an ordinary concrete porch that had been painted and the only foreign material on it was rainwater. McDonald had been to the dwelling on several previous occasions but had never previously been there when it had been raining. The house had previously been purchased by Wingard, was renovated by him and then rented to Mrs. Davis. She had full control and possession of the premises during the lease and Wingard agreed to make any necessary repairs. Before renting to Mrs. Davis, among other renovations, Wingard had employed a painter with 25 years experience who painted the concrete front porch. He was not familiar with the details of how the painter did the work, but told him to use a good type of paint.
The house was rented to Mrs. Davis in September, 1972. The only request for repairs made by her between the time she moved in and April 7, 1973, the date McDonald fell, was with regard to the kitchen sink which was repaired. She also requested a new hot water heater which was provided. She had made no request for any repairs to the porch and had not complained nor called Wingard's attention to any slippery condition of the porch. Our ruling reversing the previous summary judgment was predicated upon a purported affidavit of Mrs. Davis which was then before the court on the motion for summary judgment. That affidavit was to the effect that Mrs. Davis had previously warned Wingard of the alleged dangerous condition of the porch floor. At trial, however, the affidavit was repudiated by Mrs. Davis and was properly not admitted into evidence against Wingard. Also at trial, both Mrs. Davis and Wingard testified that there had been no such warning or notice of any alleged dangerous condition of the porch floor and no one testified that a warning or notice had been given.
Our decision is governed by the opinion of the Supreme Court in Brooks v. Peters, 157 Fla. 141, 25 So.2d 205 (1946). There the Supreme Court said:
"Where the landlord surrenders possession and control of the leased premises to the tenant, in the absence of fraud or concealment, the tenant assumes the risk as to the condition of the premises, including the heating, lighting apparatus, plumbing, water pipes, sewers, etc. In other words, the rule of caveat emptor applies, hence the landlord is not liable for any personal injuries or sickness of tenants, although attributable to the defects in the fixtures. See Mansell v. Hands, 235 Mass. 253, 126 N.E. 391, 13 A.L.R. 835, and annotations; Gobrecht v. Beckwith, 82 N.H. 415, 135 A. 20, 52 A.L.R. 858, and annotations." (Emphasis supplied.)
Under the circumstances of the case sub judice where the landlord had surrendered the entire possession and control of the demised premises to the tenant and no fraud or concealment by the landlord was shown, the landlord was not liable for injury either to the tenant or a person on the premises in the right of the tenant.
*575 Reversed and remanded with directions to vacate the final judgment as to appellants and enter final judgment in their favor.
MILLS, J., concurs.
BOYER, C.J., dissents.