440 So.2d 73 (1983)
Deborah Dale Brazier GERLACH, Appellant/Cross-Appellee,
v.
Leo TREPANIER, Appellee/Cross-Appellant.
No. 83-182.
District Court of Appeal of Florida, Fifth District.
November 10, 1983.
James P. Kelaher of Nolan Carter, P.A., Orlando, for appellant/cross-appellee.
George L. Winslow, Jr., Orlando, and William Patrick Fulford of Wright, Fulford & Winslow, Orlando, for appellee/cross-appellant.
COBB, Judge.
Appellant, plaintiff below, Deborah Gerlach, was injured while watching a motorcycle race held on appellee/defendant Leo Trepanier's land. The jury returned a verdict for Gerlach, although finding her 90% negligent. Gerlach appeals the trial court's ruling excluding certain unpaid medical bills, which she contends resulted in a reduced award.[1] Trepanier cross-appeals, contending that the trial court erred in denying his motion for a directed verdict. We reverse and remand for entry of judgment for the defendant.
Gerlach's injuries occurred during a race, organized and run by a man named Lawrence Hiatt, who owned land adjoining Trepanier's. Hiatt used Trepanier's land as part of the race route, in return for a credit to Trepanier on a previously owed bill. Gerlach's complaint never alleged any tortious conduct on Trepanier's part; rather, it alleged only that Trepanier was liable for not providing safe premises simply because he owned the land where Hiatt, as the organizer of the race, had negligently failed to set up proper crowd control barriers. These allegations do not provide a cause of action against Trepanier. A lessor is not liable for injuries sustained on the premises where the lessor has surrendered the entire *74 possession and control of the premises to a lessee. That is the situation here. See Wingard v. McDonald, 348 So.2d 573 (Fla. 1st DCA 1977), cert. denied, 358 So.2d 132 (Fla. 1978); Gross v. Hatmaker, 173 So.2d 158 (Fla. 2d DCA 1965).
Gerlach's complaint failed to allege a cause of action against Trepanier and, consequently, the proof at trial failed to establish that he breached any duty. Therefore, Trepanier's motion for a directed verdict should have been granted, and the trial court's failure to do so was error. Appellant's counsel contended at oral argument before this court that the issue of the existence of a duty on Trepanier's part was not properly preserved for appellate review. We feel the issue was encompassed within the standard of care argument raised by the cross-appellant, and thus was properly preserved for our consideration.
An additional argument raised by the cross-appellant, and much debated by the parties, concerned Gerlach's status on the property at the time of the accident. While such an inquiry is relevant in a premises liability case, it has no application to the instant case, where the injury was not caused by a defect in the land. See Maldonado v. Jack M. Berry Grove Corp., 351 So.2d 967 (Fla. 1977); Hix v. Billen, 284 So.2d 209 (Fla. 1973); Whitlock v. Elich, 409 So.2d 110 (Fla. 5th DCA 1982).
The cause is reversed and remanded for entry of judgment for the defendant. Thus, the damage issue raised by the appellant is moot.
REVERSED and REMANDED with instructions.
FRANK D. UPCHURCH, Jr., J., concurs.
DAUKSCH, J., dissents with opinion.
DAUKSCH, Judge, dissenting:
I respectfully dissent.
Primarily, I do not agree the cross-appeal sufficiently raises the issue which the opinion uses to reverse the judgment. Secondly, that issue was not raised for the trial judge's benefit and was thus waived. I would affirm the cross-appeal. As to the medical bills issue raised by the main appeal, I would affirm because the plaintiff did not prove the excluded bills were either; one, necessary and reasonable or, two, paid by plaintiff. This is a minimal requirement before a defendant should be obliged to pay.
NOTES
[1] The jury found total damages of $15,000, with final judgment being entered for Gerlach for $1,500.