HORTON, Judge.
The appellant, plaintiff below in an action for personal injuries, seeks review of an adverse final judgment based upon a jury verdict finding the appellee not guilty of negligence.
The appellant, who had resided in the appellee’s trailer park for approximately nine years, cut the bottom of her foot on the edge of a hole left by a missing tile while taking a shower in a common shower stall maintained by the appellee. The tile in the common shower stalls, provided for the use of the tenants, had been working loose over a period of years. The appellee had patched up the places where 'the .tile had become loose although a more proper method of repair would have been to replace the entire floor or cement it over. The appellant testified that she had used the particular shower in question many times during her stay in the trailer park, including the night prior to her injury, and had noticed that more than a dozen tiles were missing and had been missing for a couple of months. On the night of her injury, being aware of the missing tiles, the appellant tried to avoid stepping on the area with loose tiles. While taking a shower, she felt a sting in her right foot and noticed a small cut less than one inch long on the bottom of her foot. The appellant is a diabetic and as a result of the injury, was forced to have her leg amputated. At the time of the injury she was standing about six to eight inches from the area where the tiles were loose. She found that the cut had been caused by the edge of a hole left by a missing tile. According to the appellant, the light was sufficient to enable her to see into the bottom of the shower. There were other showers in the stall and other stalls in the trailer park, but the appellant preferred to use this particular stall and shower, considering them more convenient.
After all the testimony and evidence was in and the argument of counsel had been made to the jury, the trial court instructed the jury on negligence and contributory negligence, and then, over the appellant’s objections, gave them the following instructions :
“The Court further charges you that one who freely and voluntarily enters into a relationship or situation involving obvious danger, which she knew or should have known existed under all conditions then obtaining, is said to have assumed the risk of said dnager, and this assumption relieves the defendant of responsibility.
“Further, one who freely and voluntarily chooses to follow a known dangerous way or course when there is a reasonably safe way or course known to her and available to her use to obtain the same result is said to have assumed the risk of taking the dangerous way, and this assumption relieves the defendant of responsibility. The burden of proving this defense by the preponderance of the evidence is on the defendant.” [Emphasis supplied.]
The appellant contends that a charge on assumption of the risk should only be given in those cases where the plaintiff has actual knowledge and awareness of the peril involved and that it was therefore error to charge the jury that the appellant could be said to have assumed the risk of injury “which she knew or should have known existed under all conditions then obtaining.” We find this contention to be without merit.
As stated in 65 C.J.S. Negligence § 174, p. 851:
“* * * [I]n order to invoke the doctrine of assumed or incurred risk, it is essential that the risk or danger shall have been known to, and appre *501 ciated by, plaintiff or that it shall have been so obvious that he must be taken to have known and comprehended it.” [Emphasis supplied.]
Prosser on Torts (2d Ed.), § 55, pp. 309-10, states the proposition as follows :
“Ordinarily the plaintiff will not be taken to assume any risk of conditions * * * of which he is ignorant. * * At the same time, it is evident that in all such cases an objective standard must be applied, and that the plaintiff cannot be heard to say that he did not comprehend the risk which must have been obvious to him.” [Emphasis supplied.]
Thus, the doctrine of assumption of risk is applicable not only to those cases where the plaintiff actually knew of the risk or danger. It applies as well to those ■ cases where, under the circumstances, he must be taken to have known or comprehended it. Whether such is the case would normally be a question for the jury under appropriate instructions from the trial court.
The appellant admitted that she knew, and had known for some time, that a portion of the tile on the bottom of the stall in which she was about to take a shower was loose. That she was aware that an element of danger existed is illustrated by her studied attempt to avoid stepping on the area containing loose tile. Under the circumstances, a jury would be justified in concluding that she must be taken to have known or comprehended the peril connected with the use of that particular shower. Therefore, the trial court properly gave an instruction on assumption of risk and the instruction given was appropriate.
The appellant further contends it was error to give the dangerous way charge. We disagree.
There were two other showers in the same stall and other stalls in the trailer park which the appellant could have used. Yet, knowing that the shower she was about to use contained missing tile, and apparently appreciating the fact that an element of danger was involved, she chose to use the defective shower. Under the circumstances the trial court was correct in instructing the jury on the dangerous way doctrine and the charge given was appropriate.
We have reviewed all the instructions given and conclude that they were properly given and substantially complete and correct. No harmful error having been shown, the judgment appealed is affirmed.
Affirmed.