BARNS, PAUL D., Associate Judge.
Action for negligence was brought by the appellees against appellants and after an adverse verdict and judgment, the defendants brought this appeal. We affirm.
The action arose out of a collision between an, automobile belonging to the road department, being driven by the defendant Dana, and a pickup truck, and Joseph Victor Bur-sey, a laborer engaged in work on the approach to a new gasoline station immediately adjacent to a state highway. The accident, which resulted in Bursey’s death, oc *846 curred between sunset and darkness, when Bursey was placing trash in a pickup truck partially parked on the highway with no tail-lights on it. It had been backed on to the highway and Bursey was caught between the two vehicles. Dana did not see the pickup truck before tire collision.
One of appellants’ grounds for reversal was the lower court’s failure to give the requested instruction to the jury hereinafter quoted, and its striking language from other requested instructions relating to the “assumption of risk” by Bursey, which we will not deal with inasmuch as the point will be covered in treating requested charge No. 4j viz.:
“One of the defenses raised by Defendants is that of assumption of risk. This is a plea whereby Defendants claim that BURSEY placed himself in a position of peril and danger and thereby assumed the risk of receiving an injury. Should you find from the evidence that Defendant DANA was negligent in the operation of the vehicle, but that BUR-SEY knew DANA was negligent or had reason to believe that he was, and yet remained in a place where he was subject to conditions that he should not have remained there, then he did assume the risk of injury from DANA’S negligence. Should you find that to be so from the evidence, Plaintiffs are not entitled to recovery.” (Emphasis added)
The foregoing requested charge is not a correct statement or application of the law of assumption of risk in an action for negligence. The underscored words make the charge fatally defective and there is no evidence that Bursey placed himself in the position of peril after he had actual knowledge of the antecedent negligence of Dana. Actual knowledge is essential to a voluntary assumption of risk of a peril. Prosser, Law of Torts, 3rd ed., p. 450. Also see 2 Restatement of Torts, § 466, p. 1230. The charge as drafted is an over-expanded statement of the law of contributory negligence. The jury was correctly instructed on the law of contributory negligence.
The other assignment of errors and the points argued in relation to them have been fully considered and found without merit.
Affirmed.
SHANNON, Acting C. J., and ANDREWS, J., concur.