WHITE, JOSEPH S., Associate Judge.
Plaintiff has appealed from an adverse judgment in a “personal injury” action. Upon trial the jury returned a verdict for defendants. A question presented for consideration on the appeal concerns the application of the “assumption of risk” doctrine.
Plaintiff was employed as a lineman by a public utility company which furnished electricity to the inhabitants of the City of Orlando. One of the poles supporting certain electric cables had been caused to lean to one side out of position. As a result one of the cables leading from the pole across a public street to a nearby house sagged nearer the street level than usual. Plaintiff was a member of a crew engaged in straightening the pole and was required to ascend the pole to assist in the work.
Defendants were proceeding along the street in their large, flat-bed truck upon which was loaded a “boom”. A cab covered the driver’s seat. The boom extended upward 10 feet 6 inches above the street level. As the truck, with its load, passed beneath the sagging cable the boom caught the cable, causing plaintiff to fall to the ground.
Defendants had no connection with the work in which plaintiff was engaged. They were ordinary travelers upon the highway and complete strangers to plaintiff and the work then in progress. The driver of the truck saw the cable but was either unmindful of the height of his load or misjudged the position of the cable so that the cable was thus engaged by the elevated load upon the truck.
*55 In addition to a general denial of negligence defendants filed affirmative defenses of “contributory negligence” and “assumption of risk”. The distinction between contributory negligence and assumption of risk is the subject of an annotation at 82 A.L.R.2d 1218.
At the trial plaintiff made timely objection to a charge on the defense of assumption of risk, but the trial judge overruled the objection and instructed the jury as follows:
“Assumption of risk is where a person voluntarily enters into a relationship or situation involving obvious danger, which he knew or should have known existed under all conditions, then obtaining, and this assumption relieves the defendant of responsibility.” (Emphasis added.)
In addition the court instructed the jury that:
“If you should find that the plaintiff was guilty of negligence which was either the 'sole proximate cause or appreciably contributed to the plaintiff’s injury, or that he did assume the risk of danger in the circumstances of this case, then there can be no recovery by the plaintiff, and you need not consider any item of damage, but must return a verdict for the defendants.” (Emphasis added.)
Plaintiff now argues that the giving of the instruction was prejudicial error.
The instruction was taken from the case of Crosier v. Joseph Abraham Ford Company, Fla.App.1963, 150 So.2d 499. In that case plaintiff was a tenant at defendant’s trailer park and cut her foot on a loose tile in the floor when taking a shower in a common shower stall maintained by the landlord. She had used the shower many times previously and was aware of some loose tiles. Such facts present a typical case for the application of the assumption of risk doctrine. It will be observed that the cases in which the doctrine is applied usually involve dangerous conditions created by the defendant or for which defendant is responsible. In such circumstances defendant is relieved of responsibility when it is shown that the injured party knows of the danger or where, under the circumstances, he must be taken to have known or comprehended it. Another example is found in the case of Hogge v. United States Rubber Co., Fla.App.1966, 192 So.2d 501. However, such a rule cannot be applied to facts like those found in the case now before the court. An injured party does not assume the risk of a new element of danger introduced into the scene by way of defendant’s ensuing negligence. See Jesters v. Taylor, Fla.1958, 105 So.2d 569; Brady v. Kane, Fla.App.1959, 111 So.2d 472; Hedding v. Pearson, 1946, 76 Cal.App.2d 481, 173 P.2d 382; People’s Drug Stores v. Windham, 1940, 178 Md. 172, 12 A.2d 532; American Cooperage Co. v. Clemons, Tex.Civ.App.1963, 364 S.W.2d 705.
It is well settled that one on or near a highway where he has the right to be has the right to assume that the traveling public will be diligent and exercise reasonable care to avoid endangering his life or limb. Of course, if the defendant has exercised reasonable and ordinary care to protect the plaintiff from harm and acted with that degree of care and caution which an ordinarily prudent person would exercise under similar circumstances and surroundings, defendant has violated no duty to his adversary and is not liable for negligence.
The point is well illustrated in Hedding v. Pearson, supra. In that case plaintiff was a welder required in the performance of his employment to weld a large steel plate which because of its size extended into a driveway situate within the plant. Defendants drove their truck to the plant to deliver two large die castings. In leaving the plant defendants drove the truck against plaintiff injuring him.
The trial judge gave an instruction on assumption of risk. The appellate court held that the instruction was inapplicable to the facts and reversed a judgment for defendants. The court said:
“ * * * One who is necessarily working on a highway or other placei *56 where there is vehicular traffic, and is injured through the negligent operation of a vehicle, cannot he deprived of his cause of action for damages upon the theory that he voluntarily assumed the risk of injury. * * * ”
In conclusion we refer in more detail to American Cooperage Co. v. Clemons, supra, a case similar to the one now before the court. There, plaintiff, a lineman, was thrown from a pole and injured under circumstances like those in the present case when defendant’s truck proceeding along a public street struck a cable attached to the pole. The jury returned a verdict for plaintiff. Upon appeal the owner of the truck argued that plaintiff was barred from recovery “under the rules of the doctrine of volenti non fit injuria — voluntary exposure to risk.” In rejecting the argument the court said:
“The negligence on the part of the truck driver for American Cooperage Company, in his failure to keep a proper lookout, was not shown to have fallen within the scope of the dangers to which plaintiff voluntarily exposed himself. Knowledge of the very hazard which does result, and appreciation of the danger thereof, is essential to the applicability of the volenti doctrine. * * * ”
It follows that the defense of assumption of risk was inappropriate under the circumstances here, and the instruction on the subject should not have been given. Plaintiff is entitled to a new trial on account of the error.
Reversed.
WALDEN, C. J., concurs.
CROSS, J., concurs specially with opinion.