CROSS, Judge
(concurring specially) :
I concur as to the conclusion but on factors decisively different from those expressed in the opinion.
The trial judge instructed the jury as follows:
“Assumption of risk is where a person voluntarily enters into a relationship or situation involving obvious danger, which he knew or should have known existed under all conditions, then obtaining; and this assumption relieves the defendant of responsibility.” (Emphasis added.)
The foregoing charge is not a correct statement or application of the law of assumption of risk doctrine. It was developed through an erroneous interpretation of 65 C.J.S. Negligence § 174, page 851, as applied in Crosier v. Joseph Abraham Ford Company, Fla.App.1963, 150 So.2d 499, and the subsequent case of Hogge v. United States Rubber Company, Fla.App.1966, 192 So.2d 501. It is an over-extension of the assumption of risk doctrine.
There has been confusion by both bench and bar as to the difference between the defense of assumption of risk and contributory negligence. The defenses of assumption of risk and contributory negligence are based on different theories.
Contributory negligence arises from a lack of due care. The defense of assumption of risk, on the other hand, will negative liability regardless of the fact that plaintiff may have acted with due care. It is available when there has been a voluntary acceptance of a risk and such acceptance, whether express or implied, has been made with knowledge and appreciation of the risk. Where the facts are such that plaintiff must have had knowledge of the hazard, the situation is equivalent to the actual knowledge, and there may be an assumption of risk, but where it merely appears that he should or could have discovered the danger by exercise of ordinary care, the defense is contributory negligence and not assumption of risk.
When dealing with the element of knowledge of the risk the standard to be applied is a subjective one of-what the particular *57 plaintiff in fact sees, knows, understands and appreciates. In this it differs from the objective standard which is applied to contributory negligence. In assumption of risk there must be actual knowledge and appreciation or the danger must be so open and obvious that the plaintiff is charged in law with knowledge and appreciation thereof. That being so, the "should have known” in the charge given to the jury on the assumption of risk doctrine was erroneous, and the judgment should be reversed on this basis.
I am of the opinion that the assumption of risk doctrine, as announced in Crosier and Hogge, supra, is not in keeping with the long established interpretation of this doctrine, and I adhere to what I believe to be the correct principle and view of this doctrine as set forth in Dana v. Bursey, Fla.App.1964, 169 So.2d 845.