WIGGINTON, Judge.
Plaintiffs have appealed an adverse judgment based upon a jury verdict rendered in favor of defendants. The points on appeal challenge the correctness of the trial court’s ruling which denied appellants’ motion for a directed verdict on the issue of negligence by defendants, and on the issues of assumption of risk and contributory negligence pleaded as affirmative defenses to the cause of action sued upon. Appellants also challenge the propriety of the instructions given the jury on the issues of assumption of risk and contributory negligence over plaintiffs’ objection.
Plaintiffs sued defendants for damages resulting from personal injuries sustained by Jimmie Lou Blankenship while using a sliding board furnished by defendants as a recreational facility to their paying guests stopping at their motel in Escambia County. Plaintiffs and their children traveled to Escambia County where they intended to spend a part of their vacation. They reg *143 istered at defendants’ motel at Pensacola Beach and proceeded to the bathing area set apart for the enjoyment of the guests. Defendants had erected and maintained a T-shaped pier extending out into the water from the shore, to which was attached a sliding board for the entertainment of the bathers. Plaintiff Jimmie Lou Blankenship walked out onto the pier and proceeded to slide down the board into the water below. She had used sliding boards at other bathing facilities on prior occasions and testified that her slide was made in a normal manner. The water beneath the lower end of the slide was less than three feet deep, and after entering the water plaintiff’s feet struck the bottom with such force that it broke her foot. Although before mounting the slide she observed the surface of the water around and beneath the end of the slide, she did not take soundings of the area around the pier for the purpose of determining the depth of the water at the point near the lower end of the board where a person would enter the surf at the terminus of his slide. There were no signs posted on the pier or around the slide warning that the water was shallow in the vicinity of the board or giving notice that it would be dangerous for an adult to use the board in view of the shallowness of the water beneath it.
The owner of the motel testified that at low tide the water would recede to a depth of from three to four feet in the vicinity of the slide although at high tide the depth reached approximately five feet. She further testified that she had discussed with her co-owner husband on several occasions the advisability of placing the slide in deeper water, but they were fearful if they did so, young children would be unable to use it. It was because of this consideration that they continued to maintain the slide in relatively shallow water. There is no evidence in the record that plaintiffs knew the shallow depth of the water at the lower end of the slide or that it would be dangerous for a normal adult to use this facility. The record is likewise silent of any warnings by defendants to their invited guests as to the true condition which existed or that it would be dangerous for an adult to use the slide during periods of low tide.
It is undisputed that plaintiffs were paying guests at defendants’ motel at the time of the injury complained about and, as such, were invitees to whom defendants owed a duty to warn against any latent or concealed perils existing on the premises of which they had knowledge.[1] In the early case of Turlington v. Tampa Electric Co.[2] our Supreme Court held:
“Where a party maintains a bathhouse or a diving or swimming place for the use of the public for hire, and negligently permits any portion of the same or its appurtenances, whether in the house or the depth of the water, or in the condition of the bottom or in things thereon, to be in an unsafe condition for its use in the manner in which it is apparently designed to be used, a duty imposed by law is thereby violated; and, if an injury to another proximately results from a proper use of the same without contributory negligence, a recovery of compensatory damages may be had. * * * »
The undisputed facts disclosed by the record before us conclusively establish that defendants were guilty of negligence as a matter of law by maintaining a sliding board over such shallow water that those guests invited to use it might strike the bottom with such force as to injure themselves in the manner suffered by plaintiff without giving adequate warning of the dangerous condition or cautioning against use of the slide during periods of low tide. Defendants may not absolve themselves from negligence by the mere showing that *144 during periods of high tide the water beneath the end of the slide has a depth of about five feet when twice during each twenty-four hours the low tide reduces the depth of the water to only three feet at that point, resulting in the perilous condition which proximately caused plaintiff’s injuries.
With respect to the defense of assumption of risk, it is settled law in this state that before such defense may operate as a bar to an action for personal injuries, the record must reveal competent and substantial evidence establishing that the plaintiff had actual knowledge and a conscious appreciation of a particular danger and nevertheless voluntarily exposed himself to that danger which proximately caused the damages complained of.[3] There is no evidence in the record before us which even remotely suggests that plaintiff Jimmie Lou Blankenship knew or should have known of the danger created by the shallow depth of the water beneath the end of the slide or that, in full appreciation of such danger, she voluntarily exposed herself to it. Nor do we find in this record any evidence from which the jury could reasonably have found that she was guilty of negligence which proximately contributed to her injuries. Appellees contend that contributory negligence was establishd by proof that plaintiff used the sliding board without first having made such investigation as would have been necessary to establish the depth of the water beneath it, and that her failure to make such precautionary investigation constituted negligence as a matter of law. With this contention we are unable to agree. Plaintiff was an invitee to a recreational area at which the facilities were offered for her use by defendants as a guest of their establishment, and she had the right to assume that the slide was so positioned that it could be safely used without risk of bodily injury. No duty rested on her to plumb the depth of the water beneath the lower end of the sliding board for the purpose of making sure that no dangerous condition existed. The trial court committed error in denying plaintiffs’ motion for a directed verdict on the affirmative defenses of contributory negligence and assumption of risk at the conclusion of the evidence and compounded such error by instructing the jury on these defenses as the law of the case. In Sheehan v. Allred[4] this court said:
“Where, as in the case we now review, the evidence affirmatively establishes that plaintiff is free of any negligence which could be held to have been the proximate cause of or contributed to the collision out of which her damages arose, there is no reason why this issue should be submitted to the jury to be considered in light of the defenses of contributory negligence and general denial. In response to plaintiff’s motion the trial judge properly should have granted it [motion for directed verdict] on the issue of liability insofar as any claimed or alleged negligence on the part of plaintiff was concerned. * * * ”
For the reasons and upon the authorities hereinabove cited, the judgment appealed is reversed and the cause remanded with directions that an order be entered granting plaintiffs’ post-trial motion for a new trial on all issues.
CARROLL, DONALD K., Acting C. J., and RAWLS, J., concur.

. 23 Fla.Jur. 289, 290, Negligence, § 45; Gordon v. Hotel Seville (Fla.App.1958)

. Turlington v. Tampa Electric Co., 62 Fla. 398, 56 So. 696, 698-699.

. Dana v. Bursey (Fla.App.1964) 169 So.2d 845; Bartholf v. Baker (Fla.1954)

. Slieelian v. Allred (Fla.App.1962) 146 So.2d 760, 764.