334 So.2d 161 (1976)
Rosalie ALEXANDER, Appellant,
v.
FIFTIETH STREET HEIGHTS, CO., an Existing Florida Corporation, Appellee.
No. 76-122.
District Court of Appeal of Florida, Third District.
June 15, 1976.
Rehearing Denied July 9, 1976.
*162 Abramson, Scremin, Mendigutia & Libman, Miami, for appellant.
Henry, Stroemer & Harrington, Malcolm B. Wiseheart, Jr., Miami, for appellee.
Before HENDRY and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
The appellant was injured by a gas explosion which occurred in her apartment. She filed action for damages for personal injuries against the gas company and her lessor, and has filed this appeal from a summary judgment entered in favor of the lessor.
The plaintiff below rented an apartment from the defendant Fiftieth Street Heights, Inc., the owner and operator of the building. At that time, and for the ensuing period of two and one half months of her occupancy, there was an uncapped pipe entering the apartment. The pipe was for use in supplying gas. The apartment was equipped with electrical stove facilities, and the plaintiff had no use for gas therein. On March 23, 1974, for some reason and in some undisclosed manner, gas was made to pass through the pipe, and the explosion occurred.
In her action the plaintiff alleged negligence of the gas company and of the lessor had caused her injuries. Certain discovery was had. By deposition, the plaintiff testifiled that prior to the day of the explosion she had not known of the existence of the gas pipe and had not smelled any gas in the apartment. Included in the deposition testimony of the plaintiff was the following:
"Q. Now, before this day of this flash fire in your Apartment 41, did you ever know that there was a gas pipe in the apartment itself? A. A gas pipe? A gas pipe? No. Q. I am presuming it is a pipe for a stove or something sticking out of the floor or sticking out of the wall. A. No, I didn't see no gas pipe. Q. Now, from the time you moved in to the time of the day before this explosion, did you ever smell any gas in your apartment? A. No, I didn't. Q. You are sure of that? A. I am sure of that. I am positive, sure of that. Q. When was it that you first smelled gas? The day of the explosion? A. The day of the explosion."
After the plaintiff had so testified by deposition, the defendant lessor served on plaintiff's attorneys of record certain requests for admissions. Thereby, the plaintiff was requested to admit (1) that she took possession of the apartment on January 7, 1974; (2) that she resided therein from that date to March 23, 1974; (3) that she had opportunity to inspect the apartment prior to taking possession, and (4) did so; (5) that she made no complaint to the lessor regarding appliances or failures prior to March 23, 1974; and (6) that prior to that date she "knew of the existence of an open-ended gas pipe" in the apartment.
The requests for admissions were not called to the attention of the plaintiff by her attorneys and went unanswered within the 30 day period allowed for answer thereto. Motions for summary judgment were filed by the defendants. That of the gas company was denied. The motion of the defendant lessor was granted, and summary judgment was entered in its favor. The trial court found the requests for admissions *163 had been served on plaintiff's attorneys, and not answered.[1]
The order granting the summary judgment stated "[T]he court finds that all material facts relied upon by co-defendant, Fiftieth Street Heights, Co., in its motion for summary judgment were admitted by the plaintiff, Rosalie Alexander inter alia by failing to respond to Request for Admissions prepared by co-defendant, Fiftieth Street Heights, Co. and sent to plaintiff's counsel * * *". Further the court found the plaintiff had not shown sufficient cause to be excused from such failure to answer the Requests for Admissions. The plaintiff moved promptly for relief from the summary judgment, under Rule 1.540 RCP. The motion was denied, and plaintiff filed a timely appeal from the summary judgment and the subsequent order.
On consideration of the record, briefs and argument, we hold the denial of the plaintiff's motion for relief from the judgment should be sustained on the ground that it presented a matter that was within the judicial discretion of the court. See Farish v. Lum's, Inc., Fla. 1972, 267 So.2d 325. However, on the appeal addressed to the summary judgment we find error, and reverse.
The "admitted" facts which resulted from failure to answer the request for admissions, presented no basis to absolve the defendant-lessor of its alleged negligence to properly inspect the premises prior to the occupancy and by failure to furnish reasonably safe premises to the lessee. Even if the admission by plaintiff that she knew of the existence of the pipe during the period of her occupancy [which earlier by deposition she had testified was not the fact], could be regarded as evidence of negligence on the part of the plaintiff, the unresolved issues as to the alleged negligence of the defendant-lessor would have precluded entry of summary judgment in the latter's favor, because of the doctrine of comparative negligence.
On behalf of the appellee-lessor, it was argued that the doctrine of comparative negligence was inapplicable, in that the admissions of the plaintiff were sufficient to establish beyond issue that the plaintiff was guilty of assumption of risk. See Dorta v. Blackburn, Fla.App. 1974, 302 So.2d 450; Weedman v. Sunland Roller Rink, Inc., Fla.App. 1976, 323 So.2d 688.
On that feature the determinative question is whether the plaintiff, by occupying the apartment for some two and a half months with the knowledge that there was an uncapped pipe entering the apartment, with no indication of danger therefrom, could be held guilty of assumption of risk of the explosion which ultimately occurred.
In order for one to be held to be guilty of assumption of risk, it must be shown not only that he knew of the existence of the condition which constituted the peril, but that he was aware of and appreciated the danger thereof, and voluntarily exposed himself to such risk.
In Bartholf v. Baker, Fla. 1954, 71 So.2d 480, 483, the Supreme Court said:
"Voluntary exposure is the bedrock upon which the doctrine of assumed risk rests. Appreciation of the danger is an essential to the defense of assumption of risk, or of contributory negligence, as is knowledge of the condition which creates the peril."
In Byers v. Gunn, Fla. 1955, 81 So.2d 723, 727, in referring to the distinction between contributory negligence and assumption of risk, the Supreme Court said: "A generally safe rule to follow is that the latter involves a choice made more or less deliberately".
*164 In Henry v. Britt, Fla.App. 1969, 220 So.2d 917, 919, the court said:
"Turning next to the defense of assumption of the risk on behalf of the decedent, it must be kept in mind that voluntary exposure is the bedrock upon which the doctrine of assumed risk rests. Bartholf v. Baker, Fla. 1954, 71 So.2d 480. There must be actual knowledge of the condition which creates the peril. Dana v. Bursey, Fla.App. 1964, 169 So.2d 845, and there must be appreciation of the danger, at the time one voluntarily exposes himself to such risk."
In Cleveland v. City of Miami, Fla. 1972, 263 So.2d 573, 577, the Supreme Court quoted a committee's note-on-use of the standard charge on assumption of risk as follows:
"`The committee recommends that the charge on assumption of risk not be given as a matter of course as a second charge on contributory negligence and that it be given only in those cases where the jury may find that claimant "more or less deliberately" and willingly exposed himself to the specific risk which resulted in his injury and damage. Byers v. Gunn, 81 So.2d 723 (Fla. 1955); see also Brady v. Kane, 111 So.2d 472 (3rd D.C.A.Fla. 1959); Bartholf v. Baker, 71 So.2d 480 (Fla. 1954); City of Jacksonville Beach v. Jones, 101 Fla. 95, 96, 133 So. 562 (1931). Compare Crosier v. Joseph Abraham Ford Co., 150 So.2d 499 (3rd D.C.A.Fla. 1963), cert. den. 155 So.2d 693 [Fla.]'" (Emphasis their's)
In the instant case there was no showing that during her occupancy of the apartment the plaintiff was aware of and had appreciation for a danger that an explosion might occur in her apartment, and that having such appreciation of danger she voluntarily chose to submit herself to the risk of such an occurrence. Therefore, there was inadequate basis here upon which to hold the plaintiff was guilty of assumption of risk, and otherwise the record did not justify the granting of summary judgment in favor of the defendant-lessor.
For the reasons stated, the summary judgment appealed from is reversed, and the cause is remanded for further proceedings.
NOTES
[1] Under Rule 1.370(a) RCP, relating to Requests for Admissions, failure to timely serve written answer or objection to a request for admissions amounts to admission of the "matter".