413 So.2d 1213 (1982)
Alice THOMPSON, Appellant,
v.
ROCK SPRINGS MOBILE HOME PARK, Appellee.
No. 80-1279.
District Court of Appeal of Florida, Fifth District.
April 14, 1982.
Rehearing Denied May 17, 1982.
Robert J. Felice of T.A. LaGrone, P.A., Orlando, for appellant.
*1214 Sutton G. Hilyard, Jr. and D. Andrew DeBevoise of Pitts, Eubanks & Ross, P.A., Orlando, for appellee.
SHARP, Judge.
The injured plaintiff in this case, Thompson, alleged that the defendant mobile home park breached its statutory duty[1] as well as its common law duty[2] to provide the lessee with a reasonably safe rented mobile home. The defendant landlord knew about the slippery, dangerous condition of the home's steps for the purpose of the motion for summary judgment, and he had been asked to replace them. Thompson slipped and fell on the steps while visiting her daughter, and her injuries were aggravated by the fact that her foot became wedged in the make-shift railroad-tie stairs. The defendant relied on the caveat lessee doctrine as a complete bar to Thompson's cause of action. The Final Summary Judgment, entered solely on that ground, said:
Motion for Summary Judgment is granted upon authority of Wingard v. McDonald, 348 So.2d 573 (Fla. 1st DCA 1977).
We reverse.
The Wingard decision was governed by the opinion of the Florida Supreme Court in Brooks v. Peters, 157 Fla. 141, 25 So.2d 205 (1946), in which the Supreme Court held:
Where the landlord surrenders possession and control of the leased premises to the tenant, in the absence of fraud or concealment, the tenant assumes the risk as to the condition of the premises, including the heating, lighting apparatus, plumbing, water pipes, sewers, etc. In other words, the rule of caveat emptor applies, hence the landlord is not liable for any personal injuries or sickness of tenants, although attributable to the defects in the fixtures. [Citations omitted] (Emphasis supplied).
25 So.2d at 206. The plaintiff in Wingard, like Thompson in this case, was visiting a rented residence when he slipped and fell on a slippery front porch.
Some erosion of the caveat lessee doctrine occurred in cases involving injuries suffered by individuals in the common areas of leased premises, such as walkways or halls for which the lessor had a continuing duty of maintenance.[3] Going further, in Alexander v. Fiftieth Street Heights, Co., 334 So.2d 161 (Fla. 3d DCA 1976), the court rejected the caveat lessee doctrine by failing to apply it in a case where a tenant, who had leased an apartment, was injured when there was an explosion caused by a leaking gas pipe. It held that the lessor had a duty to provide the tenant with a reasonably safe rental unit and that any contributory negligence by the tenant should be treated as a comparative negligence issue.
In the context of these cases, the First District Court of Appeal decided in Mansur v. Eubanks, 368 So.2d 645 (Fla. 1st DCA 1979). In Mansur, the plaintiffs were injured by a gasoline explosion in a rented apartment when they tried to connect the gas for the appliances. One plaintiff was the lessee and the other was a neighbor who had volunteered to help. Citing Brooks v. Peters, 157 Fla. 141, 25 So.2d 205 (1946), the majority said the final summary judgment for the lessor must be affirmed because of the caveat lessee doctrine. It noted that its opinion was in direct conflict with Alexander, saying, "If conflict now exists, so be it." 368 So.2d at 647.
Judge Ervin, specially concurring in Mansur, said he thought the caveat lessee doctrine was still the law of Florida, but he *1215 noted it had its "inception during the feudal years of rural England" and he invited the Supreme Court to reconsider whether or not it should continue to "be applied within the context of modern, urban conditions." 368 So.2d at 649. That is precisely what the Florida Supreme Court did in Mansur v. Eubanks, 401 So.2d 1328 (Fla. 1981), a decision handed down after the trial court's decision in this case, and after the oral argument before this Court.
In Mansur the Supreme Court held:
We resolve the conflict by overruling Brooks v. Peters and adopting the Alexander rule. We hold that the owner of a residential dwelling unit, who leases it to a tenant for residential purposes, has a duty to reasonably inspect the premises before allowing the tenant to take possession, and to make the repairs necessary to transfer a reasonably safe dwelling unit to the tenant unless defects are waived by the tenant.
... .
After the tenant takes possession, the landlord has a continuing duty to exercise reasonable care to repair dangerous defective conditions upon notice of their existence by the tenant, unless waived by the tenant. This latter duty corresponds to the statutory warranty of habitability noted by Judge Ervin in his concurring opinion below. § 83.51(1), Fla. Stat. (1977); (Citation omitted).
Id. at 1329-30. The Supreme Court reversed the final summary judgment in Mansur and remanded it for trial of various factual issues.
Pursuant to Mansur, the extent of Thompson's injuries in this case, and her comparative negligence in causing them, should be resolved by a jury. The dangerous condition of the steps, and the lessor's knowledge of it, are also issues triable by a jury. The fact that Thompson was a visitor to the leased mobile home, rather than a lessee, should not bar her recovery here anymore than that fortuitous circumstance barred the neighbor's recovery in Mansur. It should not be necessary to prove a contractual relationship to establish tort liability in this context. If the conditions for liability stated in Mansur are proven, and an injury results, the lessor should be liable not only to the tenant, but also to persons in the tenant's household and visitors who come upon the premises at the tenant's implied or express invitation.[4]
REVERSED AND REMANDED.
FRANK D. UPCHURCH, Jr., J., concurs.
COWART, J., dissents with opinion.
COWART, Judge, dissenting:
Sections 83.40 et seq., Florida Statutes (1981), relate only to contractual rights and duties between tenants and landlords. I do not understand how this statute can be the sole basis for the landlord's tort duty to a third party who is a stranger to any agreement with the landlord. The landlord's obligations under the statutes may be altered or modified by written agreement with the tenant. If the landlord has a duty to the third party, then necessarily the third party has a right or cause of action against the landlord for breach of the duty. However, where is the precedent in law for the proposition that the landlord and tenant can by agreement waive the third party's right to recover from the landlord in tort? The most logical answer is that Mansur's relation as a tenant to Eubanks was not only significant, but was vital to Eubanks' duty and to Mansur's right to recover from Eubanks as landlord. Appellant Alice Thompson has no such relationship to the appellee Rock Springs, so I would affirm the denial of her claim against Rock Springs.
NOTES
[1] Section 83.51, Florida Statutes (1977), provides in part:

(1) The landlord at all times during the tenancy shall:
.....
(b) Where there are no applicable building, housing, or health codes, maintain the ... steps, porches .. . and all other structural components in good repair and capable of resisting normal forces and loads.
[2] Alexander v. Fiftieth Street Heights, Co., 334 So.2d 161 (Fla. 3d DCA 1976).
[3] See Bennett v. Mattison, 382 So.2d 873 (Fla. 1st DCA 1980); Rutecki v. Sorkin, 350 So.2d 486 (Fla. 3d DCA 1977).
[4] See Ferber v. Orange Blossom Center, Inc., 388 So.2d 1074 (Fla. 5th DCA 1980).