PER CURIAM.
Appellants ask us to reverse a post judgment order which vacated a summary judgment, and they claim appellee is not entitled to relief based on newly discovered facts. The problem presented by this case was solely caused by an investigating officer being given the incorrect name of a party involved in an automobile accident on July 13, 1979. The resulting labyrinth was cleared eventually by the trial judge with an ultimate proper result, however procedurally disjointed. Accordingly, we affirm.
Appellee was the plaintiff and sued for damages resulting from the accident. The operator of the other vehicle was Michael Kapp, whose deposition can only be described as murky in describing how Michael Kapp became “William Ben Allen” immediately after the two vehicle incident. Appel-lee sued the rent-a-car agency, which owned the vehicle Kapp was driving; appellant Young, to whom the vehicle was rented; and “William Ben Allen,” allegedly driving with Young’s consent.
Young was awarded summary judgment in December, 1980, based on his affidavit that he did not know any “William Ben Allen” nor did he know or consent to his driving the rented vehicle. Months later, Kapp’s deposition, which was taken after appellee was finally able to serve him with process, established that Young actually knew Kapp, a real estate associate who located an apartment for Young’s friend, Susan Faucon, while Young was in Florida the first days of July. Kapp testified that he thought he had driven the vehicle several days prior to the accident with Young and Faucon in it as passengers; that Young left Faucon the vehicle to assist her; and that he thought Young authorized his driving and knew he would be doing so because Faucon was not a good driver. Kapp further testified that he talked to Young about the accident a month or two after the accident.
Before Young was awarded summary judgment, he answered two sets of interrogatories. The first set of answers was served on October 9, 1980, identifying Kapp as a person having knowledge of the facts. The second set, served six days before the hearing on summary judgment, said that Susan Faucon was authorized solely to return the vehicle to the rent-a-car agency on July 9th; acknowledged that Young knew Kapp; denied ever permitting Kapp to drive the vehicle; and said that “by hearsay” he understood Kapp may have driven it.
It is as plain as day that had the correct name, Michael Kapp, been given at the time of the accident, appellee would have sued Kapp and would have alleged that Kapp— not Allen — was driving the vehicle with Young’s knowledge and consent. When Kapp’s deposition was later taken, he had been identified and served with process. Assuming appellee, having received Young’s answers to interrogatories, should have sought to depose Kapp prior to the hearing on summary judgment, Kapp was then a witness, not a party. In brief, appel-lee had a cause of action against Kapp from and after July 13th and was entitled to the benefits of all remedies against him as a party — not as a witness — including prompt service of process and the ease of discovery thereafter.
In the order awarding Young summary judgment, the trial court allowed appellee to amend his complaint, which he did, asserting that Allen, also known as Kapp, was driving the vehicle with Faucon’s knowledge and consent and with Young’s “implied consent.” Appellants moved to dismiss, asserting that the trial court had already disposed of the consent issue. The trial judge granted the motion; however, he again allowed appellee to amend within sixty days and further said:
*481 3. Nothing in this Order shall be construed as to prevent the plaintiff from seeking any remedies plaintiff may possess pursuant to F.R.C.P. 1.540.
Unfortunately, we have no transcript of the hearing on the motion so we have no way of knowing what the trial judge knew at that point. We know only that the hearing on the motion was held on March 30, 1981; that Kapp’s deposition was taken fifteen days later; and that the order on the motion was entered one day after the deposition.
Appellee did not amend; and even if he had amended by dropping all reference to Allen and alleging Young’s knowledge and consent, rather than his implied consent, that apparently would have been fruitless because the issue of consent seems to have been foreclosed. Instead, appellee waited until three days after entry of final judgment and filed an “amended motion to vacate summary judgment, order and final judgment” pursuant to Fla.R.Civ.P. 1.540. He asserted that newly discovered evidence existed — namely that contained in Kapp’s deposition — which could not have been asserted at the time of hearing on summary judgment because it was unknown. The trial judge granted appellee’s motion.
We affirm primarily because of our concern with the administration of justice; and justice would not have been served if the trial court had permitted appellants to use to their advantage the labyrinth solely caused by the apparent fictitious name, William Ben Allen, which appeared on the accident report. The trial judge was experienced and knowledgeable and must have seen what we perceive; namely, that the fictitious name tainted every critical aspect of the action — the complaint, the delay in service of process and discovery, the order on Young’s motion for summary judgment and the subsequent order which dismissed the amended complaint.
The order being appealed presented a matter that was within the judicial discretion of the trial court. Alexander v. Fiftieth Street Heights Co., 334 So.2d 161 (Fla.3d DCA 1976), and we find no abuse thereof. Appellants are essentially asking us to hold that because Young’s answers to interrogatories, served two months before the hearing on summary judgment, listed Michael Kapp as a person who had “personal knowledge of the facts and circumstances surrounding the incident,” diligent investigation by appellee would have spread on the record within those two months, by deposition or affidavit, that it was Kapp, not William Ben Allen, who was the driver at the time of the accident and that his driving was with Young’s knowledge and consent. This ignores the reality of the situation facing appellee. He believed he had the proper identity of the driver — William Ben Allen! What was the urgency in learning what facts Kapp may know? Young’s other answers do not even show him as a witness to the accident.
Accordingly, we affirm.
LETTS, C. J., and DOWNEY and GLICKSTEIN, JJ., concur.