ERVIN, Judge,
dissenting.
This is an appeal from a summary judgment entered in a premises liability action against the tenants-appellants and in favor of the landlords-appellees. I would reverse and remand for further proceedings.
Mrs. Lockamy slipped on some brick stairs that led down three steps to a garage area in a house that she and her husband had rented from appellees. She broke her hip, and sued the lessors on the theory that they had negligently maintained the premises in that the steps, as the lessors were aware, were damaged and broken. The record before us reveals that both Mrs. Lockamy and the lessors were aware of the *373 condition of the steps prior to the accident; in fact, the injury occurred nearly four months after the execution of the lease.
In its order granting summary final judgment in favor of the lessors, the court made three alternative findings:
1. The steps upon which Plaintiff, Hazel Loekamy, fell were not dangerous as evidenced by Plaintiffs’ testimony and the photographs submitted herein;
2. Even assuming arguendo that said steps were dangerous, Plaintiffs had equal or superior knowledge of the condition of the steps and gave no notice to the Defendant herein; and
3. Assuming arguendo that the steps were defective or dangerous, the Plaintiffs herein waived the defects and dangerous condition, as evidenced by the Plaintiffs’ testimony and the lease agreement between Plaintiffs and Defendant herein.
Because the first of the four elements of negligence requires a showing of a legal duty owed to the plaintiff by the defendant, I will refer first to the second reason advanced by the trial court — the fact that the plaintiff had equal or superior knowledge of the condition of the steps, yet gave no notice to the landlord. I submit that there is no requirement that the tenant give notice of any allegedly defective condition of the premises, if the landlord had actual knowledge of the condition. As we recognized in Paterson v. Deeb, 472 So.2d 1210, 1217 (Fla. 1st DCA 1985), “To state a cause of action in negligence, it should be alleged and proved that the landlord had actual or constructive knowledge of the violation said to be creating a dangerous condition for sufficient time to have it remedied. Firth v. Marhoefer, 406 So.2d 521 (Fla. 4th DCA 1981).” (emphasis supplied) Although Mrs. Loekamy admitted that she did not recall any statement made by her to Mr. Byrne concerning the condition of the steps, she did relate that Mr. Byrne in fact had mentioned to her before the accident that there were chips missing from the steps; therefore the landlord’s knowledge of the steps’ dangerous condition was certainly equal to that of the appellants’. It would be impracticable to require a plaintiff, as a precondition to her right to recover damages for injuries caused by a dangerous condition of the premises, to provide notice to the landlord if the landlord is already aware of such condition.
Additionally, after the passage of the Florida Residential Landlord and Tenant Act, Sections 83.40-66, Florida Statutes (1973), the fact that the tenant’s knowledge is equal to that of the landlord’s can no longer be considered a bar to an action for damages. Specifically, section 83.51(l)(b) requires the landlord at all times during the tenancy, in the absence of any applicable building, housing or health codes, to “maintain the roofs, windows, screens, doors, floors, steps, porches, ... in good repair .... ” (emphasis supplied) The act has been construed as follows:
[T]he owner of a residential dwelling unit, who leases it to a tenant for residential purposes, has a duty to reasonably inspect the premises before allowing the tenant to take possession, and to make the repairs necessary to transfer a reasonably safe dwelling unit to the tenant unless defects are waived by the tenant.
Mansur v. Eubanks, 401 So.2d 1328, 1329-1330 (Fla.1981).
On the record before us, an inference clearly exists that at the time the tenant took possession of the leased premises, the landlord was aware of the condition of the defective steps, but refused to assume any duty to make the repairs necessary to transfer a reasonably safe dwelling unit to the tenant. In my judgment this case is similar to the facts recited by the Fifth District Court of Appeal in Thompson v. Rock Springs Mobile Home Park, 413 So.2d 1213 (Fla. 5th DCA 1982), wherein the court concluded that the extent of the lessee’s injuries and her comparative negligence in causing them were issues which should be resolved by the jury, as well as the issues of the dangerous condition of the steps and the lessor’s knowledge of such condition. See also Alexander v. Fiftieth *374 Street Heights Co., 334 So.2d 161, 163 (Fla. 3d DCA 1976) (lessor has a duty “to properly inspect the premises prior to the occupancy and ... to furnish reasonably safe premises to the lessee”).
Reverting to the first theory advanced by the trial court, which apparently goes to the question of whether the defendant landlord breached his duty to the tenant, the breach of which was allegedly the proximate cause of the tenant’s injuries, I consider from my examination of the record, including my view of the photographs of the steps, that genuine issues of material fact remain unresolved regarding the condition of the steps. In fact, there appear to me to be chips in the steps leading to the front door of the house where the accident occurred. Mrs. Lockamy’s response to the question as to whether she considered the steps dangerous was as follows:
Well, I never thought about the steps being dangerous until I fell.
And if you probably hadn’t had stepped in the broken part, you wouldn’t have fell [sic]. But when you step in that place that is dug out in there, then you would fall.
Although Mrs. Lockamy used the second person singular, as opposed to the first person singular, during a portion of her deposition testimony, she clarified her responses later in her deposition as to the cause of her fall, as appears from the following testimony:
Q Okay. And you really don’t know what caused you to fall; do you?
A I fell — I made one step onto the steps and fell. And I’m not a clumsy person, as I said.
Q My question was: You don’t know what caused you to fall; do you?
A The step caused me to fall.
To restate the obvious, a summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law. Shaffran v. Holness, 93 So.2d 94 (Fla.1957); moreover summary judgments should be cautiously granted in negligence suits. Giallanza v. Sands, 316 So.2d 77 (Fla. 4th DCA 1975). Finally, “a party moving for summary judgment must show conclusively the absence of any genuine issue of material fact and the court must draw every possible inference in favor of the party against whom a summary judgment is sought.” Moore v. Morris, — So.2d -, -, 10 F.L.W. 336, 337 (Fla. June 27, 1985) (emphasis supplied). I am unprepared to say on the basis of the above testimony that the record forecloses any possible inference that the steps, at the time of Mrs. Locka-my’s fall, were not in a dangerous condition and that such condition did not contribute to her fall and subsequent injuries.
Regarding the issue as to whether the condition of the steps was the proximate cause of Mrs. Lockamy’s injury, we recently observed in the consolidated cases of Anglin v. State of Florida Department of Transportation and Anglin v. Seaboard Coast Line Railroad Co., 472 So.2d 784, 786 (Fla. 1st DCA 1985), that the term proximate cause consists of two essential elements: (1) causation in fact, and (2) foreseeability. Causation in fact is often characterized in terms of a but for test, i.e., but for the defendant’s negligence, the resulting damage would not have occurred. Insofar as the first element is concerned, I submit it is impossible to say that there are no genuine issues of material fact as to whether Mrs. Lockamy’s injuries were caused by the hazardous condition of the steps. As to the question of foreseeability, I would simply reiterate that this issue is ordinarily one for the trier of fact to decide. Gibson v. Avis Rent-A-Car System, Inc., 386 So.2d 520 (Fla.1980); Crislip v. Holland, 401 So.2d 1115 (Fla. 4th DCA 1981). As the above cases reveal, in order for the original negligent actor to be relieved of liability, any intervening cause must be truly independent and not set in motion by the original negligence of the defendant. Under the circumstances, given the testimony of Mrs. Lockamy, I think that a genuine issue of material fact remained as to whether “the tortfeasor ... [was] able to foresee that some injury will likely result in some, manner as a eonse- *375 quence of his negligent acts.” Crislip v. Holland, 401 So.2d at 1117. I would therefore conclude, on the basis of the proximate causation issue, that the case was not ripe for summary judgment.
The final question is whether the plaintiffs, as held by the court below, can be considered to have waived the defects and dangerous condition by reason of the lease agreement entered into between the parties. Paragraph 13 of the residential rental agreement provides:
LIABILITY: AGENT/OWNER shall not be liable for TENANT’S personal injury or damage, or loss of TENANT’S personal property (furniture, jewelry, clothing, etc.) from theft, vandalism, fire, water, rainstorms, smoke, explosions, sonic booms, or other causes whatsoever. AGENT/OWNER STRONGLY RECOMMENDS THAT TENANT SECURE HIS OWN INSURANCE TO PROTECT HIMSELF AND HIS PROPERTY.
(emphasis supplied)
Contrary to the provisions of the Residential Landlord and Tenant Act, the landlord undertook to absolve himself of any duty owed to the tenant for injuries suffered by her resulting from dangerous conditions on the leased premises of which he was aware. A rental provision such as the one before us should not be enforced by the courts. Section 83.45(1) provides:
If the court as a matter of law finds a rental agreement or any provision of a rental agreement to have been unconscionable at the time it was made, the court may refuse to enforce the rental agreement, enforce the remainder of the rental agreement without the unconscionable provision, or so limit the application of any unconscionable provision as to avoid any unconscionable result.
In my judgment the lower court erred in failing to find as a matter of law that the rental agreement’s terms were unconscionable. In John’s Pass Seafood Co. v. Weber, 369 So.2d 616 (Fla. 2d DCA 1979), the court commented that with the passage of Section 83.47, Florida Statutes (1977), the validity of an exculpatory provision for any purpose in a residential lease was in serious doubt. There, the plaintiff suffered damages to his boat, contending that the defendant lessor was negligent in failing to provide fire extinguishers, and other fire fighting equipment pursuant to the provisions of the city code. The lessor pled the existence of a signed instrument in which the plaintiff agreed to hold the defendant harmless from all liability occasioned by the use of the dock, even if the harm was caused by the defendant’s negligence. The appellate court agreed that the lower court correctly refused to permit the agreement to be introduced into evidence at the trial.[1] In affirming the judgment in favor of the lessee, the court made the following observations:
A lessor simply should not be permitted to exempt himself from responsibility to a lessee for damages resulting from the lessor’s negligence if such an exemption effectively immunizes the lessor from liability for breach of a positive statutory duty to protect the well-being of the lessee.
Id. at 618.
In the case at bar, the lessor was under a statutorily imposed duty to maintain the steps of the dwelling leased in good repair. The legislative prohibition against this type of exculpatory clause is clearly expressed in section 83.47(l)(b), making void and unenforceable a provision in a rental agreement that “[pjurports to limit or preclude any liability of the landlord to the tenant *376 ... arising under law.” I would therefore hold void and unenforceable the provision and agreement seeking to exonerate the landlord from any liability to the tenant caused by his own negligence, and would reverse the summary judgment as to all reasons stated by the trial court, and remand for further proceedings.

. I am aware that Weber limited its holding only to a lessor’s conduct which by its "nature would constitute negligence per se”, and expressed no statement as to whether its ruling should extend to violations constituting only evidence of negligence. 369 So.2d at 618. I am also aware that a landlord’s violation of the provisions of the Florida Residential Landlord and Tenant Act has been characterized as evidence of negligence. Bennett v. Mattison, 382 So.2d 873 (Fla. 1st DCA 1980); Paterson v. Deeb, 472 So.2d at 1217. Nevertheless, given the strong indication of legislative disapproval of exculpatory language absolving a landlord completely from his duty to transfer a reasonably safe dwelling unit to his tenant, see Section 83.47, Florida Statutes, I would regard a clause such as the one before us as void and unenforceable.